## WATTS v. UNITED STATES.

### No. 11803.

Circuit Court of Appeals, Fifth Circuit.

May 13, 1947.

Rehearing Denied June 13, 1947.

512

Bernard A. Golding and Seymour Lieberman, both of Houston, Tex., for appellant.

Brian S. Odem, U. S. Atty., and Newton M. Crain, Jr., Asst. U. S. Atty., both of Houston, Tex., for appellee.

Before SIBLEY, McCORD, and LEE, Circuit Judges.

McCORD, Circuit Judge.

W. W. Watts was convicted on two counts of an information which charged that he had willfully and unlawfully sold certain automobiles at prices in excess of ceilings fixed by Maximum Price Regulation No. 540 as amended [1], in violation of the Emergency Price Control Act of 1942, as amended, and the Price Control Extension Act of 1946, 50 U.S.C.A.Appendix, § 901 et seq. On each count Watts was fined $1,000 and sentenced to imprisonment for one year, the sentences of imprisonment to run concurrently.

The primary contentions of appellant are that the trial court abused its discretion in denying and overruling several motions filed preliminary to arraignment; that the evidence is insufficient to support the verdict; and that the charge of the court was so inadequate and fundamentally defective as to require a reversal of the case.

On September 26, 1946, an indictment in three counts was returned charging Watts with violations of the Emergency Price Control Act of 1942, as amended, and

the Price Control Extension Act of 1946. Watts moved to dismiss the indictment on October 7, 1946, and the indictment was dismissed because the word "willful" had been omitted from the charges. The offenses being misdemeanors, the United States Attorney prepared an information in proper form—the first three counts of the information covering the same transactions alleged in the indictment which had been dismissed, and a fourth count charged an entirely new transaction. The information was filed October 9, 1946, and motion for postponement of arraignment was made. The court indicated that the defendant should have time to prepare his defense on the new charge covered by the fourth count of the information. The government thereupon moved for and secured dismissal of the fourth count, leaving for trial only the three counts covering transactions which were originally embraced in the indictment of September 26, 1946. The court thereupon overruled the motion for postponement of arraignment. Under these circumstances we find no merit in the contention that the trial court abused its discretion in overruling the motion to postpone arraignment.

 The counts of the information fully and fairly apprised Watts of the charges against him and described with particularity the dates of the sales in August, 1946, the names of the purchasers, and the description and motor numbers of the automobile sold. The motion to dismiss the information was properly overruled, and there was no abuse of discretion in the court's refusal to grant a bill of particulars. Hart v. United States, 5 Cir., 112 F.2d 128.

 After the motions for a continuance, for dismissal of the information, and for a bill of particulars had been denied, defendant moved to stay the proceedings in order that he might file complaint against the Price Administrator in the Emergency Court of Appeals under Title 50 . U.S.C.A. Appendix, § 924.[2] In the motion, defendant's basis of attack was that the sales had been made in August, 1946, and that the Emergency Price Control Act of 1942 had expired and the Price Control Extension Act of 1946 was ineffectual to extend it. On appeal, as on the trial, appellant attacks the Act of 1942 as being unconstitutional, and further contends that in any event an extension of the Act could not constitutionally be accomplished by passage of a joint resolution, approved by the President. The constitutionality of the Emergency Price Control Act of 1942 had been upheld prior to defendant's complaint. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834. Moreover, the joint resolution, approved by the President, was an effective constitutional method for extending the Act. A joint resolution of the House and Senate, when approved by the President, has the effect of law. Constitution, Art. I, Sec. 7; United States ex rel. Levey v. Stockslager, 129 U.S. 470, 9 S.Ct. 382, 32 L.Ed. 785; Wells v. United States, 9 Cir., 257 F. 605, 610; Black's L.D., 3rd Ed., Resolution, citing 6 Op.Atty.Gen. 680. The motion for stay of proceedings and for leave to file application in the Emergency Court of Appeals was not a motion required to be granted by the cited statute. The motion was properly overruled by the court.

██ As to appellant's contention that the evidence is insufficient to support the verdict of guilty on counts two and three of the information, we have carefully examined the entire record and have found the evidence abundantly sufficient to support the verdict on each count. As to count two, the record evidence shows that on August 5, 1946, Watts sold to C. T. Jackson a 1939 Model Chevrolet Tudor Town Sedan from a used car lot in Houston, Texas. The automobile was sold by Watts without warranty for $995.00 whereas the lawful "as

---

[2] The cited section provides that a defendant "may apply to the court in which the proceeding is pending for leave to file in the Emergency Court of Appeals a complaint against the Administrator, setting forth objections to the validity of any provision which the defendant is alleged to have violated. * * * The court * * * shall grant such leave with respect to any objection which it finds is made in good faith and with respect to which it finds there is reasonable and substantial excuse for the defendant's failure to present such objection in a protest filed in accordance with Section 923a * * *." (Bold face supplied). Cf. United States v. Aronin, D. C., 57 F.Supp. 186.

is" ceiling price was $543.83. The evidence of the purchaser and his father and mother shows that $560.00 in cash was paid to Watts as a down payment, the balance being financed. Watts refused to accept a check for the $560 down payment, saying he would take a check for $245 and the balance of the down payment in cash. When the full amount of the down payment was paid in cash, Watts gave Jackson a receipt for only $245. The invoice to Jackson showed that $245 had been received in cash and that a balance of $450 had been financed. On the third count, the evidence shows that Watts sold to W. L. Lybarger a 1940 Model Pontiac 6-cylinder, 4-door deluxe automobile for a total consideration of $960. No warranty was given, and the "as is" ceiling price was $816.73. The invoice from Watts to Lybarger showed that $350 had been allowed on a trade-in and that the balance of $610 had been financed. From all the evidence, the jury was warranted in finding that Watts had sold the described automobiles to Jackson and Lybarger at prices in excess of the lawful ceiling prices, and that in making such sales Watts willfully exceeded the lawful ceiling prices. Motion for directed verdict was properly denied.

 Appellant contends that the trial court, in its charge, failed and omitted to explain the offenses charged and give the law applicable to the facts of the case. It is true that the charge of the court is brief and not as detailed or explanatory as might have been desirable, but it does fairly cover the vital and essential elements of the case. The court outlined the offenses charged. He explained that the defendant was presumed to be innocent and that the burden was on the government to prove guilt beyond a reasonable doubt, defining and explaining the meaning of "reasonable doubt." He further charged:

"Now, in the analysis of the offense charged, there are perhaps, briefly analyzed, three things that you must find beyond a reasonable doubt in order to find the defendant guilty on any or each, as the case may be, of the counts submitted to you * * * :

"The first is, do you find beyond a reasonable doubt that the defendant, W. W. Watts, did sell the automobile in question.

"And, secondly, if you find that he did sell it, do you find beyond a reasonable doubt that he sold it at a price over the ceiling price.

"And, thirdly, do you find beyond a reasonable doubt that he sold it over the ceiling price willfully."

The court then went on to define the words "sell" and "willfully," and explained the weight to be given circumstantial evidence. The jury was furnished with forms for the verdict of either "guilty" or "not guilty." [3] Appellant's alert and resourceful counsel now vigorously contends that the charge was fatally defective in that it did not make specific reference to "good faith" of the defendant as a defense and because the law concerning the offenses was not explained in detail. But on the trial he made no request for instructions [4] and made no objections to the court's charge. Indeed, the record discloses that at the conclusion of the court's charge, the trial court inquired of counsel, *"Are there any suggestions or objections?"* Defendant's counsel replied with an unqualified, *"No, sir."* Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. following section 687, provides: "No party may assign as error any *portion* of the charge or *omission* therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Nothing in the case at bar commends a departure from or exception to this rule. Cf. United States v. Wilson, 2 Cir., 154 F.2d 802; Waggoner v. United States, 9 Cir., 113 F.2d 867.

A careful review of the record discloses that there is abundant evidence to support the verdict. No reversible error appearing, the judgment is affirmed.

---

[3] The jury found the defendant not guilty on count one, the proof on which consisted largely of circumstantial evidence.

[4] Cf. Horsley v. United States, 5 Cir., 160 F.2d 43, where the trial court refused a specific request to charge on "good faith" as a defense.