El Pueblo de Puerto Rico, demandante y apelado, *v.* Ramón Camacho García y Victoriano Marrero Figueroa, acusados y apelantes.

Núm. 12620.—*Sometido:* Noviembre 3, 1947.   *Resuelto:* Noviembre 25, 1947.

*A. Quirós Méndez* y *Angel Roberto Díaz,* abogados de los apelantes; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras* y *Alberto Picó Santiago, Fiscal* y *Fiscal Auxiliar del Tribunal Supremo,* respectivamente, abogados de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

La Ley núm. 31, Leyes de Puerto Rico, 1943, (pág. 83), provee que será delito *misdemeanor* la infracción de cualquier reglamento o lista de precios promulgados bajo la autoridad de la Ley de Emergencia de Control de Precios de 1942, según enmendada. A los acusados se les denunció ante la corte municipal por vender el 14 de agosto de 1946 una lata de salsa de tomate en 10¢, cuando dicha lata tenía en la lista de precios un precio máximo de 8¢. Fueron convictos en la corte municipal y en apelación en la corte de distrito, donde cada uno fué sentenciado a sufrir tres meses de cárcel y a pagar una multa de $100.

En su primer señalamiento alegan los apelantes que cuando esta venta tuvo lugar el 14 de agosto de 1946, la Ley de Emergencia de Control de Precios de 1942 ya había expirado y que, en su consecuencia, la Ley núm. 31 había expirado también.

La Ley Federal estuvo en vigor desde el 1942 hasta el 30 de junio de 1947. Se aprobó originalmente por un año, pero fué en varias ocasiones prorrogada por un año más. *Historical Note,* 50 U.S.C.A. App., sec. 901. Sin embargo, contrario a las prórrogas anteriores, la última de 1946—que cambió la fecha de expiración de la ley de junio 30 de 1946 a junio 30 de 1947—no fué hecha antes de que expirara la prórroga anterior el 30 de junio de 1946. Es decir, por primera vez desde que se aprobó originalmente la Ley en 1942, el 30 de junio de 1946, el Congreso permitió que la ley expirara: el estatuto que la prorrogaba desde el 30 de junio de 1946 al 30 de junio de 1947 no fué aprobado hasta el 25 de julio de 1946. La Ley Federal, en su consecuencia, no estuvo en vigor desde julio 1ro. a julio 25 de 1946. *Latoni* v. *Corte Municipal,* ante pág. 140; *Pueblo* v. *Rivera Irizarry,* ante, pág. 190.

Toda vez que la Ley de Emergencia de Control de Precios de 1942 expiró el 30 de junio de 1946, los apelantes ale-

gan que el estatuto federal de 1946 era una nueva ley y no una prórroga de la ya existente; y que, en su consecuencia, la núm. 31 también expiró el 30 de junio de 1946, toda vez que la Ley núm. 31 disponía solamente que sería delito misdemeanor infringir la Ley de Emergencia de Control de Precios de 1942, según enmendada, y no ninguna otra nueva ley.

Esta contención está en pugna con el lenguaje expreso del Congreso. La sección 1 del estatuto federal de 1946, conocido como la Ley de Extensión de Control de Precios, 60 Stat. 664, dispone que "la sección 1(*b*) de la Ley de Emergencia de Control de Precios de 1942, según enmendada, queda por la presente enmendada eliminándole la frase 'junio 30 de 1946' e insertándole 'junio 30 de 1947'."

La sección 18, 60 Stat. 664, 678, lee en parte como sigue:

"(1) Las disposiciones de esta Ley empezarán a regir a partir del 30 de junio de 1946 y (2) todos los reglamentos, órdenes, listas de precios y requisitos bajo la Ley de Emergencia de Control de Precios de 1942, según enmendada . . . y la Ley de Estabilización de 1942, según enmendada, que estaban en vigor el 30 de junio de 1946, continuarán en vigor de igual forma y con el mismo alcance como si esta Ley se hubiera aprobado el 30 de junio de 1946 . . . *Disponiéndose, además,* que ninguna actuación o transacción, u omisión o falta de gestión, que ocurra con posterioridad al 30 de junio de 1946, y antes de la fecha de aprobación de esta Ley, será considerada como una infracción de la Ley de Emergencia de Control de Precios de 1942, según enmendada, o a la Ley de Estabilización de 1942, según enmendada, o de cualquier reglamento, orden, lista de precios o requisito bajo cualquiera de tales leyes. . ."

Es evidente que con las secciones 1 y 18 el Congreso no tuvo la intención de aprobar una nueva ley propiamente dicha. Más bien, revivió la Ley de 1942, extendiéndola con algunas enmiendas por un año a partir de junio 30 de 1946, fecha a la cual la ley de prórroga se hizo retroactiva desde julio 25 de 1946. Tanto este lenguaje como su historia legislativa hacen claro que el Congreso quiso "cerciorarse de que las

disposiciones de estas leyes [la Ley de Emergencia de Control de Precios y la Ley de Estabilización] no serán consideradas como que dejaron de estar en vigor el 30 de junio de 1946 . . .''. *Committee of Conference, House Report, U. S. Code Congressional Service, 79th Congress, Second Session,* (1946), págs. 1296–97 (corchetes nuestros).

Sin embargo, los acusados alegan que el Congreso no tenía poder para calificar a la nueva ley como una enmienda o continuación de la ley anterior. Insisten en que tan pronto una ley expira ésta está muerta y no puede ser revivida, y en que el Congreso no puede caracterizar válidamente la ley posterior como una prórroga de una ley que ya ha expirado. Por tanto, los acusados pretenden que consideremos la ley de 1946 como una ley nueva no obstante el lenguaje expreso en contrario de las secciones 1 y 18.

Sin embargo, aun cuando estuviéramos dispuestos a rechazar este contexto del Congreso en su propio estatuto, las cortes federales han resuelto lo contrario. Han sostenido la validez de esta acción congresional y resuelto que no hubo solución de continuidad entre la ley de 1942, según enmendada, y el estatuto de 1946. *Kersten* v. *United States,* 161 F.2d 337 (C.C.A. 10, 1947); *Watts* v. *United States,* 161 F.2d 511 (C.C.A. 5, 1947); *Porter* v. *Shibe,* 158 F.2d 68 (C.C.A. 10, 1946); *Porter* v. *Merhar,* 160 F.2d 397 (C.C.A. 6, 1947). Véase *Fleming* v. *Rhodes,* 331 U. S. 100, 91 L. ed. 998.[1]

■■ Una vez que hemos llegado a la conclusión de que la Ley de Extensión de Control de Precios de 1946 no era un nuevo estatuto sino una ley que prorroga la Ley Federal de 1942, según enmendada, el problema se simplifica en este

[1] Aunque los casos resuelven que el Congreso podía válidamente proveer tal continuidad haciendo retroactiva la Ley de 1946, es obvio que no podía disponer que constituía delito cualquier actuación realizada durante el lapso de 25 días, cuando no estaba en vigor estatuto federal alguno. Sin embargo, ese período de 25 días quedó cubierto en Puerto Rico por una ley insular distinta y por una orden administrativa insular promulgada a tenor con la misma. *Pueblo* v. *Rivera Irizarry,* supra, pág. 192.

caso. Los acusados arguyen que la Legislatura tuvo la intención de que la Ley núm. 31 cesara a la fecha de expiración de la Ley Federal tal cual ésta leía en 1943 cuando se aprobó la núm. 31. Pero ya hemos rechazado esa contención. Dijimos en *Irizarry* v. *Corte,* 64 D.P.R. 94, 101-2, que la Ley núm. 31 válidamente incorporó por referencia como legislación vigente un estatuto federal de 1944 que prorrogó la Ley de Emergencia de Control de Precios de 1942, según enmendada, hasta junio 30 de 1945. De igual modo, el estatuto federal de 1946, que prorroga una vez más la ley de 1942, también sirvió para mantener vigente la Ley núm. 31. En su consecuencia, una infracción de una lista de precios promulgada a tenor con la Ley de Emergencia de Control de Precios de 1942, según prorrogada y enmendada por la Ley de Extensión de Control de Precios de 1946, que ocurrió, como en este caso, entre el 25 de julio de 1946 y el 30 de junio de 1947, constituía un *misdemeanor* bajo la Ley núm. 31, que podía ser perseguido en las cortes insulares.

El segundo señalamiento es que la corte de distrito cometió error al apreciar la prueba. Los acusados son el dueño de una tienda y el dependiente que hizo la venta. El dueño no estaba de hecho presente cuando ésta se efectuó. La evidencia presentada durante el juicio era sustancialmente la misma que la del caso del *Pueblo* v. *Díaz Concepción, et al.,* ante, pág. 785.

Por los motivos expuestos en dicha opinión, la prueba fué suficiente en cuanto al dependiente, pero no en cuanto al dueño.

*La sentencia de la corte de distrito será revocada en cuanto al dueño de la tienda y confirmada en cuanto al dependiente.*