### ISGATE v. UNITED STATES.
### No. 12438.

United States Court of Appeals
Fifth Circuit.
May 13, 1949.

Rehearing Denied May 30, 1949.

438

M. Gabriel Nahas, Jr., Houston, Tex., James Royall, Houston, Tex., for appellant.

Brian S. Odem, U. S. Atty., Houston, Tex., William R. Eckhardt, III, Asst. U. S. Atty., Houston, Tex., for appellee.

Before HUTCHESON, SIBLEY, and WALLER, Circuit Judges.

PER CURIAM.

Appellant, indicted and convicted on both counts[1] of an indictment charging violation of Sec. 347 [now § 500], Title 18 U.S.C.A., is here claiming reversible error. Two errors are claimed. One of these is in substance that the judge of the court did not correctly present the defense that what Isgate did was done by authority of Tyler, the payee. The other is that a new trial should have been granted for newly discovered evidence.

Because of appellant's insistence as to the first ground of error, that the charge of the court deprived him of fundamental rights, we put to one side that defendant did not, in compliance with Criminal Rule Thirty, make below the point he seeks to make here, we examine the charge in the light of the complaints he makes against it.

The main complaint is in substance that since defendant admitted that he inserted his own name but claimed that he did this at Tyler's request and for Tyler's benefit, the charge of the court failed to give him the benefit of his defense by not submitting it in the charge just as he made it.

A more specific complaint is that in stating, "This, defendant claims that Tyler, and not he, changed the payee by erasing the name of the mother of Tyler and inserting Isgate's name", the court mis-stated Isgate's defense. This was not that Tyler inserted his own name but that he, Isgate, inserted it, however, at Tyler's request.

A careful reading of the charge, as a whole, makes clear, we think, that the jury was not and could not have been misled by it. It shows that the judge in effect charged the jury that whether the defendant would be guilty would depend upon whether the jury believed his testimony or that of Tyler, the owner of the money order.

Throughout, the charge makes clear that if the jury believed Isgate's testimony that he was merely the instrument of, and acting for, Tyler in getting the money order changed and cashed, he would not be guilty, while, if, as claimed by Tyler, he was not so acting but was acting for himself, he would be.

If the charge in any respect fell short of presenting Isgate's defense, it was, not such a falling short as defendant can, in view of Rule 30 and Rule 52(a), Harmless Error and Plain Error, Federal Rules of Criminal Procedure, 18 U.S.C.A., here complain of it.[2]

As to the second ground of error, it is too well settled to require discussion or citation of authority that the granting or overruling of a motion for new trial for newly discovered evidence is within the discretion of the court. No abuse of that discretion is made to appear.

No reversible error appearing, the judgment is

Affirmed.

---

[1] The first count charged in substance that he falsely altered a certain money order in that he erased the name of the true payee and inserted his own name.

The second count charged that, with intent to defraud, he unlawfully passed the money order, knowing that it had been materially altered as charged in the first count.

[2] Watts v. United States, 5 Cir., 161 F.2d 511; Claunch v. United States, 5. Cir., 155 F.2d 261.