# NORMAN *v.* UNITED STATES.

APPELLATE PRACTICE; PRAYERS FOR INSTRUCTION; CRIMINAL LAW; HOMICIDE.

1. Questions not raised in the trial court will not be considered on appeal, and this is especially true with regard to the charge of the trial court to the jury, as that court should be given opportunity to correct any supposed erroneous statement of law or of the evidence in its charge.
2. Where the subject-matter of a prayer for instruction to the jury is covered in the court's charge to the jury, it is not reversible error that such prayer was refused.
3. It is not error for the trial court to refuse to multiply instructions which have already been substantially given and it is improper to do so, as it has a tendency to confuse and mislead the jury.

D. C.]                    . Opinion of the Court.

4. A prayer for instruction, even if otherwise unobjectionable, is prop-
erly refused where there is no testimony to support it.
5. Under an indictment for murder charging that the deceased, in at-
tempting to escape from the murderous assault of the accused, fell
into a canal and was drowned, the defendant is guilty of murder
if the deceased, in seeking to escape the violent assault of the
accused upon her, had a well-grounded belief that the defendant
intended to take her life or inflict further serious bodily injury
upon her, and so believing inadvertently fell into the canal and
was drowned; and it is not necessary that the prosecution shall
show or that the jury shall believe that the accused had the
malicious intent actually to do bodily harm to the deceased or to
take her life.

No. 1228. Submitted October 16, 1902. Decided November 5, 1902.

HEARING on an appeal by the defendant in an indict-
ment for murder who was found guilty by the jury without
capital punishment and sentenced by the Supreme Court of
the District of Columbia to the penitentiary for life.

*Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. Horner & Smith* for the appellant.

*Mr. Ashley M. Gould,* United States Attorney for the
District of Columbia, and *Mr. Jesse C. Adkins,* Assistant,
for the United States.

Mr. Justice MORRIS delivered the opinion of the Court:

This is an appeal from a judgment of the Supreme Court
of the District of Columbia in a criminal case, wherein the
appellant was charged with the crime of murder, found
guilty by the jury without capital punishment, and sen-
tenced to the penitentiary for life.

The indictment is in two counts. In the first the ap·
pellant is charged with a felonious and malicious assault
upon one Annie Brown, wherein he threw her into a canal
of water and she was drowned: and it is thereupon alleged

that he thus feloniously, wilfully, and with malice afore-
thought did kill and murder the said Annie Brown. In
the second count it is charged that Annie Brown, in at-
tempting to escape from his murderous assault, fell into the
canal, and was drowned; and that thereby he did kill and
murder her.

Upon a plea of not guilty, trial was had. There were
some exceptions on behalf of the appellant to some of the
testimony introduced; but these exceptions have been aban-
doned on the appeal, and no error has been assigned upon
them. At the conclusion of the testimony the prosecution
requested one instruction, which was granted and given with-
out objection: and on behalf of the appellant ten or eleven
instructions were requested — it is not clear from the record
which the number was — and of these some were granted
and some denied, and three of those denied have been se-
lected as the basis of assignment of error in this court.

The court thereupon charged the jury of its own motion,
covering substantially the whole law of the case. No excep-
tions was taken to it, or to any part of it.

The jury returned into court a verdict of " Guilty as in-
dicted, without capital punishment."

A motion for a new trial for the reasons usual in all such
cases was made and denied; and thereupon the defendant
prosecuted his appeal to this court from the sentence pro-
nounced against him, which was of imprisonment for life
with hard labor in the penitentiary.

The assignment of errors in this case is exceedingly irregu-
lar; and the brief on behalf of the appellant does not con-
form to the rules of this court. Statement of the case, as-
signment of errors, and argument are intermingled and con-
fused. In view, however, of the nature and circumstances
of the case, we propose to consider it as though error had
properly been assigned.

Six grounds of error are alleged:— three of them consist-
ing in the refusal of the trial court to grant three several
instructions, the third, the ninth, and the eleventh, requested
by the appellant; the fourth, that of alleged errors in the

charge of the court to the jury; the fifth, that of the sufficiency of the indictment; and the sixth, that of alleged irregularity in the form of the verdict.

With regard to the fourth, fifth, and sixth assignments of error it may be sufficient to say that the record shows and the fact is conceded that they were not raised in the court below. The law is well settled, and the rule on the subject is peremptory that questions not raised in the trial court will not be considered in the appellate tribunal. Especially is this true with regard to the charge of the court to the jury: for it may well be that, with reference to any supposed erroneous statement of the law or of the evidence in the case, the court would have corrected such statement, if its attention had been then and there called to it. It would not be fair to the court or to the jury, or to the parties to the cause, to permit it to pass unchallenged at the time, and then on account of it to seek reversal in the appellate tribunal. But even were we to review the charge of the trial judge in this case, we would find no error in it. We think that it was fair and just to the accused, and accurately stated the law.

Neither do we find any defect or insufficiency either in the indictment or in the verdict of the jury. Both are in accordance with the law and the practice of this jurisdiction.

Only three assignments of error are properly presented for our consideration — those founded on the exceptions taken to the refusal of the trial court to grant the third, ninth, and eleventh instructions requested on behalf of the appellant. These were as follows:

" 3. For the jury to convict the defendant under the first count of the indictment, they must believe from the evidence that the defendant did feloniously, wilfully and of his malice aforethought throw and push the deceased into the canal and that she was then and there mortally choked, strangled, suffocated and drowned.

" 9. The jury are instructed that they may take into consideration, in determining the innocence or guilt of the defendant, the conduct and mental condition of the deceased

after she received the assault from the defendant. They may consider whether she was under the influence of drink, whether she was enraged, whether she was despondent, whether her mind was affected in any way that might induce her to commit a rash act; and in doing so they may consider her conduct and incidents in her life during a reasonable period before her death, in order that they may determine whether her death was caused through the malice and violence of the defendant or by her own act.

" 11. The jury are instructed that they cannot convict the defendant under the second count unless they are satisfied beyond a reasonable doubt that at the time the deceased fell into the canal the defendant was in hot pursuit of her and that she was in danger of immediate death or great bodily harm, and on account of fear occasioned by such condition of things she took the fatal leap for the purpose of saving herself. And they must further believe that the defendant had the malicious intent to do her great bodily harm or take her life."

Of these instructions, so far as they are correct in law — and the first of them is in itself unobjectionable,— it may be sufficient to say that the subject-matter of each and all of them is fully and fairly covered in the general charge given by the court to the jury, to which, as we have stated, no exception was taken: and it is well-settled law that it is not error to refuse instructions which are covered in the general charge. *Coffin* v. *United States,* 162 U. S. 664. Moreover, the instruction numbered three was simply a variation in language, and not in substance, of the instructions numbered one and two granted on behalf of the defendant. These instructions numbered one and two were:

" 1. It is incumbent on the Government to prove beyond a reasonable doubt the proof of every material fact necessary to constitute the offense charged as defined by the court."

" 2. In order for the jury to convict the defendant as indicted they must believe from the evidence that the defendant unlawfully and with malice aforethought killed the deceased."

The third instruction, to the refusal of which exception was taken, does not differ substantially from these two; and again the law is well established that not only is it not error to refuse to multiply instructions which have already been substantially given, but it would be improper to do so. For so to multiply instructions, differing from each other only in words, and not in substance, would have the tendency to confuse, and consequently to mislead the jury.

The ninth instruction, which suggests the suicide of the deceased, even if it were otherwise unobjectionable, which it is not, has no testimony in the case to support it; and for this reason was manifestly improper. And the eleventh instruction is not a correct statement of the law. Under the circumstances, in order to convict the defendant of felonious homicide, it was not necessary that the prosecution should show or that the jury should believe that the defendant had the malicious intent actually to do bodily harm to the deceased or to take her life. As a proposition of law, the defendant was guilty of murder under the second count of the indictment, if, in seeking to escape his violent assault upon her, the deceased had a well-grounded belief that the defendant intended to take her life or inflict further serious bodily injury upon her, and so believing inadvertently fell into the canal and was drowned.

And to this effect was the charge of the court to the jury on this point.

We find no error in the rulings of the trial court in this case. The appellant appears to have had a full and fair trial, and to have been denied no right sought to be secured to him by law. The judgment appealed from must, therefore, be *affirmed. And it is so ordered.*