**FELTON v. UNITED STATES.**

No. 9661.

United States Court of Appeals
District of Columbia.

Argued Feb. 9, 1948.

Decided June 1, 1948.

Writ of Certiorari Denied Oct. 11, 1948.
See 69 S.Ct. 18.

STEPHENS, Associate Justice, dissenting.

———◆———

Mr. Allen J. Krouse, of Washington, D. C. (appointed by this Court) for appellant.

Mr. Ross O'Donoghue, of Washington, D. C., with whom Messrs. George Morris Fay, U. S. Atty., Sidney S. Sachs, Asst. U. S. Atty., and Arthur J. McLaughlin, Asst. U. S. Atty., all of Washington, D. C., were on the brief, for appellee.

Before STEPHENS, CLARK and PRETTYMAN, Associate Justices.

CLARK, Associate Justice.

This is an appeal from a conviction of appellant in the District Court on a charge of armed robbery of a taxicab driver in the amount of $10. Appellant was arrested on the morning after the robbery and was found to have in his possession a change carrier which the taxicab driver identified as the one taken from him by the robber. Appellant was positively identified as the perpetrator of the robbery, and a pistol was found in his possession which the taxicab driver testified looked exactly like the one which had been used in the robbery.

After his arrest, at the instance of the District Attorney and while confined in the District Jail, appellant was examined by two psychiatrists, and was at that time found to be suffering from prison psychosis. He was adjudicated insane on March 18, 1947, and was committed to St. Elizabeths Hospital on the following day. He was returned to the District Jail on July

154

21, 1947, as of sound mind. His trial and conviction followed.

One of appellant's contentions is that he was denied assistance of counsel for his defense, as required by the Sixth Amendment, by reason of the failure of his counsel [1] during the progress of the trial to take certain steps which it is now alleged would have been beneficial to appellant.

The record abundantly shows that appellant was represented at his trial by experienced counsel of his own selection. No allegation has been made of flagrant disregard of appellant's rights. As a matter of fact, if all of the alleged "mistakes" of the defense counsel were admitted as such by the Government they would either be entirely harmless or amount to nothing more than the selection of trial tactics familiar to every trial lawyer and entirely within his purview in the trial of a case. No trial lawyer worthy of the name would be willing to appear in court with someone at his side jogging his elbow at every decision he made incident to the trial of a case. The suggestion made by appellant that it is the duty of this court to undertake to substitute its judgment of the proper tactics in the trial of a case for that of the lawyer in the forum is baseless and unacceptable.[2]

Appellant further complains of this portion of the charge to the jury by the trial judge: "There are only two types of verdict you can return, one is a verdict of guilty as charged and the other is a verdict of not guilty by reason of insanity."

There is and can be no dispute that the case was defended on behalf of appellant upon the theory that he was of unsound mind. He nowhere denied his guilt but contented himself with the assertion that he did not remember committing the crime.

In this connection we deem this portion of the closing statement to the jury by the defense counsel of special significance: "He has testified that he doesn't remember the circumstances of the robbery. * * * Now, to hold that he was of sound mind in November of 1946, you would have to speculate, but you have here the theory of reasonable doubt, His Honor will charge you, and *I say to you taking all of that into consideration that you can only arrive at one verdict, that he was not guilty by reason of insanity.*" [Italics added.]

We believe that it would have been preferable for the trial court to have given the instructions in terms less broad and blunt. However, we believe that if there was error in the charge to the jury it was not sufficiently prejudicial as to warrant reversal. Any error in the instruction complained of was in our opinion cured by another portion of the charge: "He is presumed to be innocent until such time as you, the jury, if you should reach that conclusion, upon all the evidence, beyond a reasonable doubt, are satisfied as to his guilt, and if you can reconcile the evidence in the case with any reasonable hypothesis looking toward the defendant's innocence, you are obliged to do so, and you are so instructed."

In addition, it is to be noted that appellant did not object to or except to this charge or any portion of it, and therefore should not be allowed to raise his objection thereto for the first time upon appeal,[3] since we do not regard the charge as containing plain error affecting substantial rights.

We specify the absence of desire to overrule the holdings by this court in Williams v. United States, 1942, 76 U.S.App.D. C. 299, 131 F.2d 21, and McAffee v. United States, 1939, 70 App.D.C. 142, 105 F.2d

[1] Appellant's counsel on appeal did not represent appellant in the trial of this case.

[2] See Burton v. United States, 1945, 80 U.S.App.D.C. 208, 151 F.2d 17, certiorari denied, 1946, 326 U.S. 789, 66 S.Ct. 473, 90 L.Ed. 479.

[3] Norman v. United States, 1902, 20 App. D.C. 494. Federal Rules of Criminal Procedure, Rule 30, 18 U.S.C.A. following section 687: ". . . No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. . . ." See Watts v. United States, 5 Cir., 1947, 161 F.2d 511; United States v. Sutter, 7 Cir., 1947, 160 F.2d 754; Kempe v. United States, 8 Cir., 1947, 160 F.2d 406.

21. In both of those cases (capital in nature) the plain issue was, as it usually is in criminal cases, the question of the guilt or innocence of the accused; in our view of this case the issue raised for determination by the jury was the question of the excusability of the accused—whether he was of unsound mind at the time this offense was committed. We are of the opinion the present case is clearly distinguishable from the Williams and McAffee cases on that ground.

■ Another contention made by appellant is of minor importance. He complains that testimony was admitted connecting him with another crime which had no relevancy in connection with the one for which he was being tried. Suffice it to say that this testimony was elicited by appellant's own counsel on cross-examination. Counsel apparently asked a few too many questions. That is a fault most of us who have tried cases in court have occasionally committed, but for such wounds there is no balm to be applied by a court of appeals.

A careful examination of the record discloses no reason for disturbing the judgment of the District Court.

Affirmed.

STEPHENS, Associate Justice (dissenting).

In this case the trial court nowhere in the instructions told the jury explicitly that they must return a verdict of not guilty if not convinced beyond a reasonable doubt of the commission of the robbery charged and of the defendant's connection therewith. The principal point urged in the appeal is that this omission was reversible error. The instructions given to the jury, so far as pertinent, were as follows:

The burden in every criminal case is upon the Government to prove every essential element of the crime alleged, and to do this beyond a reasonable doubt.

This defendant under our system of law, as every other defendant does, comes into court with the presumption of innocence. He is presumed to be innocent until such time as you, the Jury, if you should reach that conclusion, upon all the evidence, beyond a reasonable doubt, are satisfied as to his guilt, and if you reconcile the evidence in the case with any reasonable hypothesis looking toward the defendant's innocence, you are obliged to do so, and you are so instructed.

\*　　　\*　　　\*

*Now, there are only two types of verdicts you can possibly return in this case.* Your verdict, as the case may be, must be unanimous, and I know that from your attention that you have manifested here throughout the course of this trial you are going to give this case, as you have all other cases you have sat on, the consideration it deserves. *There are only two types of verdicts you can return; one is a verdict of guilty as charged and the other is a verdict of not guilty by reason of insanity.* [Italics supplied]

In McAffee v. United States, 1939, 70 App.D.C. 142, 105 F.2d 21, the jury were told in the usual terms that the defendant was presumed to be innocent and that the presumption of innocence continued with him throughout the case until overcome by proof beyond a reasonable doubt; they were told further, as in the instant case, that the burden of proof was upon the Government. But the instructions in the McAffee case were largely devoted to the discussion of the elements of the three crimes of murder in the first degree, murder in the second degree and manslaughter and to the effect of intoxication, if found, upon the existence of specific intent and deliberation and premeditation, and nowhere in the instructions were the jury in terms told that unless they found beyond a reasonable doubt that all of the elements of some crime existed they must acquit the defendant. The court did say to the jury:

"Of course, *if you do not find that the defendant struck the fatal blows, that is the end of the case and you needn't spend any more time on it.* If you find he did strike the fatal blows, then I instruct you as a matter of law he is guilty of criminal homicide, and the only question for you to determine is which degree it was, whether first or second degree, or manslaughter." [Italics supplied] [70 App.D.C. at 150, 105 F.2d at 29]

Nevertheless this court ruled that there was reversible error. We said:

. . . We think it should be orthodox practice somewhere in the instructions to tell the jury once in precise terms that a not guilty verdict is necessary in the event of failure by the Government to prove each of the elements of some offense beyond a reasonable doubt. While this was implied in the language last above quoted, it was not, in our view, stated with sufficient explicitness. . . . [70 App. D.C. at 150, 105 F.2d at 29]

This ruling was reiterated in Williams v. United States, 1942, 76 U.S.App.D.C. 299, 131 F.2d 21. There, as in the instant

case, the jury were instructed on the presumption of innocence and were told that the burden was upon the Government to prove every essential element of the crime charged beyond a reasonable doubt.[1] Notwithstanding that, the court held that there was reversible error for the following reasons:

> In no part of the charge was the jury even told that it could return a verdict of not guilty. That is error. But more than a mere statement that defendant can be acquitted is necessary. The jury must be told at least once, in some unequivocal language, that if it believes from the evidence that defendant is innocent, or if it believes from the evidence that the Government has not proved each and every element of the crime beyond a reasonable doubt, it must return a verdict of not guilty. [76 U.S.App.D.C. at 300, 131 F.2d at 22]

In the instant case not only did the trial court not give an explicit instruction of the type required by the McAffee and Williams cases, but also its last statement to the jury was, as above appears:

> . . . There are only two types of verdicts you can return; one is a verdict of guilty as charged and the other is a verdict of not guilty by reason of insanity.

In the instant case the defendant pleaded not guilty to the charge of robbery. Under that plea not only was his sanity tried but also the issue as to the identity as the perpetrator of the crime. The latter issue was tried in part in cross-examination of the principal witness to identity, to wit, the driver of the taxicab alleged to have been robbed.[2] Also the defendant himself took the witness stand and denied that he had committed the crime. It is true that in one instance his denial was equivocal.[3] But in another instance it was unequivocal. On the Government's cross-examination of the defendant the question was asked: "Do you deny holding up Mr. Hayes with this revolver?" The defendant answered: "Of course." This being the state of the record the trial court could not validly conclude that the issue as to the identity of the defendant as the perpetrator of the crime charged was out of the case and could not

---

[1] Insofar as here pertinent, the charge in the Williams case, as disclosed by the record, was as follows:

"Now in a criminal case it is the law that every defendant charged with a crime is presumed to be innocent until he is proven guilty, beyond a reasonable doubt. The burden is upon the government to establish his guilt beyond a reasonable doubt. The presumption of innocence goes with the defendant until it is overcome by the proof of the Government by witnesses and so forth and it is evident to the jury that the defendant is beyond a reasonable doubt guilty."

[2] The cross-examination was as follows:

Q. Was this man alone or with someone?

A. He was alone.

*       *       *

Q. And how was he dressed at that time? How was the man dressed?

A. He was—he had on a topcoat, had on a checked topcoat.

Q. Did you get a look at him when he got into the cab?

A. Yes, I did; because he was walking up the street towards me, in the street.

Q. When you were at police headquarters how many persons were in the line-up?

A. There was six, I think. I am not sure.

Q. Do you know what position this man was in the line-up that you identified?

A. Yes, I do.

Q. What position?

A. He was—he didn't have on the same— he didn't have on an overcoat.

Q. Now, when that gun was pressed to you, you were quite frightened, weren't you?

A. At the beginning I was.

Q. Weren't you always?

A. Sir?

Q. Later on you were not frightened, you mean?

A. No, I wasn't.

Q. Why not?

A. Because he were cussing me and calling me everything to think of.

Q. Did you turn around when he pressed the gun to you?

A. I tried to turn my head around and he hit me in the neck with the gun.

Q. How were you able to describe this gun?

A. I looked through the mirror. I have a mirror. I looked through it.

Q. And you reported that immediately, did you?

A. Yes, sir.

[3] The defendant's testimony at that point was:

Q. Do you remember robbing Hayes?

A. No; I don't.

Q. Would you say you did or did not rob Hayes?

A. I definitely did not.

Q. Why do you say that?

A. Because I can't believe I done it.

Q. Have you any recollection?

A. No; I don't. . . .

therefore properly require the jury, as it did, to bring in a verdict either of guilty as charged or of not guilty by reason of insanity. The omission to instruct the jury that if they believed from the evidence that the Government had not proved each element of the offense beyond a reasonable doubt they must return a verdict of not guilty, was therefore, in my view, fatal error. The Government could not be said to have proved each element of its case unless it proved that the defendant was the perpetrator of the crime. There was a conflict of evidence on that question and the trial court could not properly take from the jury the resolution of that conflict.

The Government urges Rule 30, Federal Rules of Criminal Procedure, providing that no party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider their verdict, stating distinctly the matter to which he objects and the grounds of his objections. And the Government points out that no objection to the omission above described was made by the defendant at the trial. But the Government overlooks Rule 52(b) providing that plain errors or defects affecting substantial rights may be noted, although they were not brought to the attention of the trial court. This rule reflects a practice long exercised by Federal appellate courts. The Government asserts that the practice has been limited to capital cases. This is not correct. See Screws v. United States, 1945, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330; United States v. Levy, 3 Cir., 1946, 153 F.2d 995. Cf. also, Johnson v. United States, 1943, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. 704. Appellate courts should without doubt take pains in capital cases to see that the defendant has been accorded all of the rights given him by the law. But the same care is to be taken in cases involving liberty.

It is true that defendant's counsel confined his argument to the jury to the question of the defendant's sanity. But he did not tell the court that the defendant was not relying upon his plea of not guilty—which plea put in issue every element of the crime charged including the defendant's identity as perpetrator thereof.

For these reasons I think the judgment of the District Court should be reversed and the case retried under instructions conforming to the requirement of the McAffee and Williams cases.