WYCHE v. UNITED STATES.

THORPE v. UNITED STATES.

Nos. 10993, 10994.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 1, 1951.

Decided Nov. 23, 1951.

Writ of Certiorari Denied March 3, 1952.

See 72 S.Ct. 556.

Myron G. Ehrlich, Washington, D. C.,
with whom T. Emmett McKenzie, Wash-

ington, D. C., was on the brief, for appellants.

Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty. at the time the brief was filed, and Grace B. Stiles, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee. Charles M. Irelan, appointed U. S. Atty., Washington, D. C., subsequent to the argument in this case, also entered an appearance for appellee.

Before CLARK, PROCTOR and FAHY, Circuit Judges.

CLARK, Circuit Judge.

Appellants were convicted by a jury in the United States District Court for the District of Columbia on a two-count indictment. Two others, also convicted under the same indictment, did not appeal. The first count charged all four with managing, carrying on and promoting a numbers game in violation of D.C.Code § 22–1501 (1940), and the second count charged all four with possession of numbers slips in violation of D.C.Code § 22–1502 (1940). Appellant Wyche was sentenced to concurrent terms of imprisonment for six to eighteen months on the first count and six months on the second count. Appellant Thorpe was sentenced to concurrent terms of imprisonment for nine to thirty-six months on the first count, and six months on the second count. From that final judgment they take this appeal.

Subsequent to receiving information from an informant that the premises involved were being used as a numbers establishment, police officers conducted surveillance of the premises for three days during hours significant in the conduct of the numbers lottery. They executed an affidavit, as did their informant, before the United States Commissioner, who issued a search warrant. Upon entering the premises, the officers found extensive evidence of numbers activities. They arrested all persons present, subsequently releasing a number of them. Appellant Thorpe was holding a bag of money and gave no satisfactory explanation of his presence or connection with the premises. Appellant Wyche was arrested upon his entry into the premises while the raid was in progress. Search of Wyche produced envelopes containing numbers slips and money.

Counsel has argued that the court below erred in refusing to suppress evidence presented by the government. This contention finds no support in the record. Appellants were represented at trial by experienced counsel of their own choice, and the record discloses that counsel not only disclaimed any desire to enter a motion to suppress the evidence, but he also gave specific reasons for his disclaimer. He stated that a motion to suppress evidence would require a claim to a property right in the things seized, and asserted that he was making no such claim. Gibson v. United States, 1945, 80 U.S.App.D.C. 81, 149 F.2d 381, certiorari denied sub. nom. O'Kelley v. United States, 1945, 326 U.S. 724, 66 S.Ct. 29, 90 L.Ed. 429. For present counsel [1] to suggest that this court ascribe a meaning to trial counsel's conduct which was specifically denied by that counsel is to ask that the court substitute its judgment of proper trial tactics for that of the lawyer in the forum. This court has refused to make such substitution. Felton v. United States, 1948, 83 U.S.App.D.C. 277, 170 F.2d 153, certiorari denied 1948, 335 U.S. 831, 69 S.Ct. 18, 93 L.Ed. 385.

The record does disclose that counsel below sought to attack the validity of the search warrant under which the officers entered the premises and appellants now contend that the court erred in not declaring the warrant invalid. By personal observation, the officers who conducted the search and made the arrests carefully checked the information they had received from the informant. The facts which they ascertained were clearly sufficient to justify a discreet and prudent man in concluding that the premises were being used in connection with the numbers game. Brinegar v. United States, 1948, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879.

When the officers entered the premises and observed the situation, they were

---

1. Appellants' Counsel on appeal did not represent appellants in the trial of this case.

fully justified by the force of surrounding circumstances to feel there was ample probable cause to arrest all persons present, including appellant Thorpe, and also to arrest appellant Wyche upon his entrance. The premises were a secret rendezvous or hideout for illegal activities, and the officers were justified in inferring that all who were present or who entered the room at that time of day were probably participants in the operation of the numbers game. Beard v. United States, 1935, 65 App.D.C. 231, 238, 82 F.2d 837, 844, certiorari denied 1935, 298 U.S. 655, 56 S.Ct. 675, 80 L.Ed. 1382.

■ Since both the search warrant and the arrests were legal, it is settled law that the search of appellants was legal, and the evidence thereby obtained was admissible.

■■ There remains the argument advanced by counsel for appellants that the court committed reversible error in its charge to the jury. The record clearly shows that counsel for appellants in the court below, in response to inquiry by the court, stated that he had no desire for further instructions and that he had no objections to the charge as given. It follows that appellant should not be allowed to raise his objection for the first time upon appeal since he did not comply with the provisions of Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.[2] Villaroman v. United States, 1950, 87 U.S.App.D.C. 240, 184 F.2d 261. Counsel argued that one portion of the charge, which he cited, constitutes plain error, effecting substantial rights, and hence such error that this court might take notice thereof in the exercise of its own powers, but we have carefully weighed the charge as given, considering it in its entirety, and we do not find such plain

error to exist. Felton v. United States, supra.

The judgment of the District Court is Affirmed.

FAHY, Circuit Judge.

I concur in the result. As to the evidence obtained as a consequence of the warrant for search of the premises, I have no difficulty whatsoever because I entirely agree that the warrant was valid.

As to the evidence obtained by search of the person of Wyche, the absence of a motion to suppress, as preferred by Rule 41(e), Fed.R.Crim.P., and his failure to claim ownership of the property sought to be excluded, are not fatal to his contention. Seasonable and adequate objection to the admission of the disputed evidence was made during the trial and entertained by the court. The Rule provides, in part, that "the court in its discretion may entertain the motion [to suppress] at the trial or hearing." Wyche was aggrieved (Rule 41(e)) because the search was of his person. He therefore had standing to object to its admission without asserting ownership of the property seized.

My concurrence with respect to the evidence taken from the person of Wyche rests upon the assumption on which the trial proceeded, that the search of Wyche was in connection with his arrest. Since probable cause existed for the arrest, it was lawful. The search incidental thereto was accordingly valid. There is some question in my mind whether there was in fact an arrest of Wyche which preceded search of his person, but I resolve this doubt consistently with the assumption made during the trial.

2. Federal Rules of Criminal Procedure, Rule 30, 18 U.S.C.A.: " * * * No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *"