Alex POPEKO, Fred Del Genio and Thomas Edward Harty, Appellants,

v.

UNITED STATES of America, Appellee.

No. 18773.

United States Court of Appeals Fifth Circuit.

Aug. 16, 1961.

Rehearing Denied Sept. 14, 1961.

John A. Daniels, San Antonio, Tex., Robert J. McDonnell, Chicago, Ill., for appellants.

Arthur L. Luethcke, Asst. U. S. Atty., Russell B. Wine, U. S. Atty., K. Key Hoffman, Jr., Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, RIVES and WISDOM, Circuit Judges.

HUTCHESON, Circuit Judge.

Each of appellants was convicted of the charges set forth against him in an indictment charging Popeko in counts one and two, Harty in count three, and Del Genio in count four, with the substantive offense of causing to be transported in interstate commerce falsely made, forged and counterfeited securities, to-wit, cashier's checks, and in the fifth count charging all of the three with a conspiracy to unlawfully transport and cause to be transported in interstate commerce said forged, falsely made and counterfeited securities.

Appealing from these convictions, appellants attack the judgment and sentence as invalid because (1) of the insufficiency of the evidence and (2) of the error of the court in failing to properly instruct the jury on the elements of the offenses charged, especially in failing to define the term "securities".

In addition to these grounds, appellants assign as their main ground of attack (a) the denial of appellants' extraordinary motions made personally, after the evidence had been concluded and the case had been argued and submitted to the jury, to discharge their counsel and allow them time to obtain other counsel and to obtain witnesses, and (b) in denying appellants' motion for a new trial be-

cause of the prejudice suffered by appellants from the conduct of their trial counsel in failing to call defendants' witnesses and place them on the stand.

■ While the record is a very large one, a brief statement will suffice to set forth the facts on which the government relied for a conviction. These are the uncontradicted testimony of witnesses as to the making and causing to be transported in commerce of the checks made the subject of the indictment. In view of the fact that the government's witnesses positively connected the defendants with the making of the forged documents and causing them to be sent through interstate commerce and the equally positive and uncontradicted testimony of the government witnesses showing that the instruments were forged, taking the testimony in the light most favorable to the verdict, it cannot be said that the evidence was insufficient to support the conviction. Indeed, we think that under the evidence, no other verdict than one of guilty could have been reasonably rendered.

■■ It is equally clear that the assignment of error on the insufficiency of the charge must be rejected both because there was no exception made to it below on the grounds put forward here,[1] though counsel were given full opportunity to present exceptions to it, and because there was no obligation on the part of the court to define the word "securities" or the elements of the offense further than was done.

■ The court's charge made very clear to the jury what the offense charged was, and, under the evidence and charge, the jury were not in any way misled as to the gravamen of the charges against the defendants. We think that the court's statement: "The essential elements of the offenses charged in the first, second, third, and fourth counts of the indictment lie in the causing with unlawful and fraudulent intent to be transported in interstate commerce of falsely made and forged securities with the knowledge that the same had been falsely made and forged", is a correct statement, and that, followed up as it was by the charge: "The word 'knowingly' as used in this charge and in the indictment means that the act was done with full knowledge on the part of the defendants of all of the essential elements of the offenses charged", when taken in connection with the evidence and the later charge: "In view of Sec. 2(b) Title 18 U.S.C., read to you hereinbefore, it is not necessary to show that the defendants, or any of them, actually transported anything themselves. It is sufficient that they caused it to be done.", the instructions sufficiently charged the elements and gravamen of the offenses and, together with the full charge on count five of the indictment, the conspiracy count, very fairly and fully set forth the applicable law.

■ We come then to the most argued and most relied on claims of error in the denial of the defendants' extraordinary motions to continue or postpone the trial, and their motion for new trial, because of the prejudice suffered by them from the conduct of their counsel, in failing to call defendants' witnesses and place them on the stand. While the record on this issue is a very large one, a brief statement will suffice to set forth the facts underlying the issues presented on this appeal. These are: On the afternoon of September 28, 1960, after the case had been on trial for some days, the government rested its case. After a five minute recess and without offering any evidence, the defendants also rested. Later in the same day, counsel for the government and the defendants, as is shown by the record, argued the case fully to the jury and the court charged the jury. After the charge was concluded, the court excused the jury and the court was recessed until 9 A.M. the following morning. At that time, before the jury began its deliberations, all three of the defendants personally made it known to the court, but outside the presence of the jury, that

1. Thomas v. U. S., 5 Cir., 287 F.2d 527; Tomley v. U. S., 5 Cir., 250 F.2d 549.

they had something they wished to say. It was then that the defendants first made known to the court their dissatisfaction with the counsel they had employed and asked to discharge them, and the defendant Popeko, joined by defendants Harty and Del Genio, but not through counsel, moved for a mistrial. After considerable discussion the motions were denied, the judge requiring the counsel to remain in attendance on the court as defendants' counsel until the jury had returned its verdict, and the jury was sent out to begin its deliberations and later the same day returned its verdict. Following the return and receipt of the verdict, the court relieved defense counsel of further obligation to defendants.

Following the trial on the merits of the case and the discharge of their trial counsel, appellants employed another attorney, who filed a motion for a new trial on their behalf. An exhaustive hearing, lasting approximately two and one-half days was held on this motion, following which the court, finding that no credible evidence had been presented or grounds shown to sustain the motion, overruled it.

These issues now presented here were all threshed out in the hearing on the motion for new trial, and we think it cannot be doubted that the district judge did not abuse but, on the contrary, exercised his discretion in refusing the motions.

If we could agree with counsel that the case was not well tried by their counsel, we still could not agree that the claims put forward state any ground for nullifying the trial and causing it to be tried anew.

■ Putting to one side the fact that the district judge had the right to and did determine, in denying the motion for new trial, that the defendants had not shown that they had any material witnesses who would have been of assistance to them and whose names they gave their trial counsel and that they had refused to call them, we think it basic to the claim of relief, since defendants were represented by their own employed trial counsel, that they may not assign as error that the mistakes or errors of their counsel constituted an unfair trial, and that, without a showing of a deliberate purpose on the part of counsel to prevent defendants from obtaining a fair trial, or action so grossly negligent as to amount to substantially the same thing, the defendants cannot relieve themselves of the errors, mistakes or misjudgment of their counsel by having the trial set aside.

To read the Sixth Amendment, with its provision that the accused shall have the assistance of counsel for his defense, as requiring a different view would be to defeat and destroy it because, by relieving defendants of responsibility for the errors and mistakes of their chosen counsel by making them the occasion of defeating and avoiding a trial, would be to put a premium on incompetent and inefficient counsel whose mistakes could be more certainly relied upon as effective aid for reversal than the sound and competent advice and trial conduct of the most efficient counsel.

■ When a defendant selects his own counsel, the counsel truly represents the defendant, and no mistake or error of his, made in good faith and with an earnest and honest purpose to serve his client, can be made the basis of a claim of reversible error.[2]

In addition, upon the evidence in this case, we are not authorized to accept the contentions of the appellants, that the facts are, as claimed by them, against

2. Some of the many cases so holding which may be cited are: Mitchell v. U. S., 104 U.S.App.D.C. 57, 259 F.2d 787; Burkett v. Mayo, 5 Cir., 173 F.2d 574; Andrews v. Robertson, 5 Cir., 145 F.2d 101; U. S. ex rel. Weber v. Ragen, 7 Cir., 176 F. 2d 579; Pelley v. U. S., 7 Cir., 214 F. 2d 597; Felton v. U. S., 83 U.S.App.D.C. 277, 170 F.2d 153; Moss v. Hunter, 10 Cir., 167 F.2d 683; Schlette v. People of California, 9 Cir., 284 F.2d 827; Proffer and Adkison v. United States, 5 Cir., 288 F.2d 182.

**172**

the strong and credible evidence to the contrary, including the testimony of their trial counsel, and the finding of the judge supporting the judgment. No error appearing, the judgment is

Affirmed