**Otis W. WARD, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21907.**

United States Court of Appeals
Fifth Circuit.

Nov. 16, 1965.

Rehearing Denied Dec. 23, 1965.

Thomas M. Haas, Mobile, Ala., for appellant.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., for appellee.

Before TUTTLE, Chief Judge, and RIVES and GEWIN, Circuit Judges.

PER CURIAM:

The appellant was indicted, tried by a jury and convicted of violating the counterfeiting statute. Title 18 U.S.C.A. § 472. Counts 1 and 2 charged substantive violations and Count 3, a conspiracy to violate the statute. Two other defendants named in the indictment entered pleas of guilty and were sentenced prior to the trial of the appellant.

On this appeal the appellant specifies the following three errors: (1) allowing the jury to be informed that the two co-defendants had entered pleas of guilty and had been sentenced; (2) inadequacy of defense counsel; and (3) improper and prejudicial action on the part of the trial court in questioning the Government's first witness.

The appellant was represented by two attorneys long experienced in the

practice of law, one of whom was from Pensacola where the appellant resided; the other was from Mobile where the case was tried.[1] Both were chosen and employed by appellant. Our reading of the record fails to convince us that he was not properly represented. There is no indication whatever in the record of any deliberate purpose on the part of counsel to prevent the defendant from obtaining a fair trial, nor did their conduct demonstrate any gross negligence, omission or failure. It is always easy, after the trial is over and the defendant has been convicted, to point to alleged mistakes and errors of judgment with the wisdom of hindsight. The record demonstrates that defense counsel made a good faith effort on behalf of the appellant with an honest and sincere purpose to serve their client. See Popeko v. United States (5 Cir. 1961) 294 F.2d 168.

 In the opening statement to the jury,[2] apparently for tactical reasons, defense counsel was the first to inform the jury that the two other persons charged in the indictment had already entered pleas of guilty and had been sentenced by the court. Thereafter and without undue emphasis, the fact that the pleas had been entered and sentences imposed was proven by the Government when the two co-defendants were on the witness stand. There was no objection to the testimony. We see no prejudicial error in receiving this testimony.

■ The first witness for the Government, one of the co-defendants, appeared to be reluctant and somewhat vague in his answers. The trial judge interrogated this witness for the rather obvious purpose of avoiding undue delay and to clarify the testimony. We are

unable to conclude that any unfavorable impression was conveyed to the jury; but if so, it would relate to the witness and not the defendant. There was no objection to any of the questions propounded by the court. From our examination of the entire record and the conduct of the trial as a whole, we are convinced that the defendant received a fair and impartial trial. See Ward v. United States (5 Cir. 1962) 296 F.2d 898.

The judgment is affirmed.

---

1. The attorney from Pensacola who actually conducted the trial is now deceased and new counsel has been employed.

2. Counsel's statement to the jury was as follows:

"It is for you, Gentlemen, to say whether you believe him, under his oath, and his witnesses, or these colored people that will testify before you. Those other people have already been sentenced. They plead Guilty and they have been sentenced. His Honor will charge you as to the law. Those people have already plead Guilty under this charge here and have been sentenced by his Honor, the Judge."