**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ezra Lee HEREDEN, Defendant-
Appellant.**

**No. 72–1398
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Aug. 3, 1972.

Martin Frost, Dallas, Tex. (court appointed), for defendant-appellant.

Eldon B. Mahon, U. S. Atty., John G. Truelson, W. E. Smith, Asst. U. S. Attys., Ft. Worth, Tex., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

In this direct criminal appeal, the Defendant Hereden in nowise attacks the jury's verdict insofar as it adjudicated him guilty of transporting certain forged checks in violation of 18 U.S.C.A. § 2314. He raises only two issues related to trial court procedures which assertedly affected the jury's determination of his sanity at the time of the acts and the time of the trial.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).

First, he urges that the admission of a portion of a record prepared by the psychiatric staff of the Bureau of Prisons at Springfield, Missouri, although without objection and pursuant to a stipulation of counsel, which was also executed by defendant personally constitutes plain error under Fed.R.Crim.P. 52(b), because it subverts the purpose of 18 U.S.C.A. § 4244. The pertinent part of the report to which the objection is made occurs after a recital that the court had committed Hereden for examination and report, and reads:

On January 20, 1972, he appeared before the staff, was interviewed by them, and it was their unanimous opinion that this man be returned to Court, *and if a competency hearing should be held, he should be adjudicated as competent.* He is not so mentally incompetent as to not be able to understand the proceedings against him, can cooperate with counsel, and can assist in his defense. It is the opinion that he does have a rational as well as a factual understanding of the nature of the charges against him. The staff has no information to indicate that he was insane at the time of the alleged commission. *Therefore, the staff recommends adjudication of competency and responsibility.* (Emphasis supplied.)

The portion of Section 4244 assertedly offended provides:

*A finding by the judge that the accused is mentally competent to stand trial* shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding *shall not be introduced in evidence on that issue nor otherwise brought to the notice of the jury.* (Emphasis supplied.)

■ No separate competency hearing was held by the trial judge. Thus, it was impossible for any literal transgression of Section 4244 to occur. Hereden claims that the above noted portion of the psychiatric staff's report created the impression in the jury's mind that the court had made a preliminary independent sanity finding and that the report's admission thus violated the statutes. We disagree. Part II of United States v. Harper, 450 F.2d 1032, 1035 (5th Cir. 1971), expressly limits the application of the statute's exclusionary rule to the *trial judge's finding.* Harper cannot be distinguished from the case at bar on the ground that it was unclear in that decision that a separate judicial determination of competency had been made. Exactly the same implication of judicial sanction for the jury's consideration of the sanity issue could possibly have been drawn in Harper's case as could possibly have been drawn here; but that is not what the statute bars from jury consideration. It could well be contended that any jury which is required to determine sanity may presume that a judge has made a preliminary determination that the question should be submitted to them. The fact that the report here expressly referred to "a competency hearing" did not tell the jury that the judge had held such a proceeding in Hereden's case or that he had made a finding of sanity.

■ Second, Hereden urges us to overrule Part IV of *Harper* 450 F.2d at 1037) relating to jury instruction which mentions the presumption of sanity. This is also a plain error assertion, since plaintiff made no objection, as required by Fed.R.Crim.P. 30, before the jury retired. The particular instruction in issue in the case at bar was as follows:

The person charged with an offense who was insane at the time of the offense charged was committed is not guilty, and would not be guilty by reason of insanity. The law presumes that a defendant is sane and this presumption is rebuttable where a defendant introduces some evidence that he had a mental disease or defect at the time of the commission charged. The prosecution must establish beyond a reasonable doubt that the defendant did not have a mental disease, and that he was sane. If you find that

the defendant was insane at the time of the commission of the offense charged, you will find him not guilty.

This instruction is substantially the equivalent of the original and supplemental instructions given in *Harper*. Notwithstanding the fact that this panel does not possess the power of overruling this Circuit's decision in *Harper,* we are persuaded that *Harper* was correctly reasoned and is dispositive.

Affirmed.