Alex A. POPEKO, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 74–1799.

United States Court of Appeals, Fifth Circuit.

May 30, 1975.

Rehearing and Rehearing En Banc Denied June 23, 1975.

Harriet E. Miers, Dallas, Tex. (Court-appointed), for petitioner-appellant.

Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for respondent-appellee.

Before GOLDBERG and RONEY, Circuit Judges, and GROOMS, District Judge.

RONEY, Circuit Judge:

On this appeal from denial of 28 U.S.C.A. § 2255 relief, we affirm. This is the third time Alex Popeko has appeared before this Court to contest his 1960 conviction on two counts of causing to be transported in interstate commerce falsely made, forged and counterfeited securities in violation of 18 U.S.C.A. § 2314 and one count of conspiracy to commit the substantive offense. On direct appeal, this Court affirmed Popeko's conviction. Popeko v. United States, 294 F.2d 168 (5th Cir. 1961).

On a subsequent appeal from the denial of a motion for correction of an illegal sentence under Rule 35, F.R.Crim.P., we affirmed on the basis of the previous direct appeal affirmance of the conviction and sentence. Popeko v. United States, 309 F.2d 752 (5th Cir. 1962).

In the instant case Popeko reasserts the identical argument which he made in the Rule 35 proceeding: that, although he cashed two different cashier's checks in San Antonio, Texas, one at one bank and one at another, there was only one interstate transportation under 18 U.S.C.A. § 2314, because both checks were mailed in a single envelope from the Federal Reserve Bank in San Antonio to the Federal Reserve Branch Bank at Detroit, Michigan. He asserts, therefore, that there was only one crime and the two ten-year consecutive sentences on the substantive counts were illegal. The district court in this § 2255 proceeding held that Popeko committed two separate offenses under § 2314 because he passed the checks in two different and separate transactions, even though the checks were subsequently mailed in one envelope to Detroit. We find that whether these facts constitute two crimes or a single crime is foreclosed from initial consideration by this panel because we are bound by the decision on the Rule 35 appeal.

The single argument upon which Popeko bases his claim for § 2255 relief is identical to that presented in the Rule 35 proceeding. Denial of relief in that proceeding requires denial of relief here. It is the firm policy of this Circuit that one panel will not overrule the decision of another panel. This may be done only by the Court sitting *en banc.* See, e. g., United States v. Lewis, 475 F.2d 571, 574 (5th Cir. 1972); United States v. Bailey, 468 F.2d 652, 669 (1972), aff'd, 480 F.2d 518 (5th Cir. 1973) (en banc); United States v. Hereden, 464 F.2d 611, 613 (5th Cir.), cert. denied, 409 U.S. 1028, 93 S.Ct. 472, 34 L.Ed.2d 322 (1972); Manning v. M/V "Sea Road," 417 F.2d 603, 610–611 n. 10 (5th Cir. 1969).

Although Popeko acknowledges that he presented his "single offense" argument on his Rule 35 appeal, he contends that the Court did not decide the merits of the point in that proceeding. Popeko reasons from the affirmance of the denial of Rule 35 relief on the basis of the affirmance in the direct appeal, where he did not raise the "single offense" argument. A review of the briefs and the opinion in the direct appeal confirms that the point was neither asserted nor

considered there. The entire opinion in the subsequent Rule 35 appeal is as follows:

PER CURIAM.

The judgment of the trial court denying the motion of appellant to correct his sentence under Rule 35, Federal Rules of Criminal Procedure, is based on the previous affirmance by this Court, Popeko v. United States, 5th Cir., 294 F.2d 168, of the conviction and sentence.

The order of the trial court is therefore

Affirmed.

309 F.2d at 752. Popeko, therefore, concludes that no panel of this Court has ever considered his "single offense" argument or resolved it adversely to him because the Court has never addressed the issue by written opinion.

■■ We have gone back to the original file in the Rule 35 proceeding in this Court to evaluate the merits of this contention. We conclude that whether it said so or not, the Court necessarily ruled adversely to Popeko on his "single offense" argument. Popeko's sole argument on that appeal was that his actions constituted a single crime. His sole claim for relief was from the illegality of two consecutive ten-year sentences. In response, the Government argued two points on the appeal: *first*, that Popeko could have raised his "single offense" argument on direct appeal and, therefore, the decision of this Court on Popeko's direct appeal was *res judicata* as to that argument; and *second*, that Popeko's acts constituted two crimes and, therefore, his sentence was legal and not available for Rule 35 relief. The Government was plainly wrong in its *res judicata* argument. The law was then, and is now, that the contention made by

Popeko could be raised on a Rule 35 motion even if it could have been, but was not, raised on direct appeal. Callanan v. United States, 364 U.S. 587, 589 n. 3, 81 S.Ct. 321, 5 L.Ed.2d 312 (1961); 8A Moore's Federal Practice § 35.04 (2d ed. 1975); 2 Wright, Federal Practice & Procedure § 584 (1969). In fact, such a contention may be made on a Rule 35 motion even if it were previously raised on direct appeal. Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). Therefore, it appears to us that when this Court affirmed the denial of Rule 35 relief, the panel necessarily held that Popeko's acts constituted two crimes, as the Government contended, and rejected Popeko's argument that he had committed only a "single offense."

■ While the Eighth Circuit has held that such facts constitute two offenses under 18 U.S.C.A. § 2314, Amer v. United States, 367 F.2d 803 (8th Cir. 1966), the Ninth Circuit has decided that facts similar to those in the case *sub judice* constitute only one offense under the same statute, Gilinsky v. United States, 368 F.2d 487 (9th Cir. 1966). A full understanding of the Rule 35 appeal discloses that this Court went the way of the Eighth Circuit in Popeko's own case. The language of the short per curiam opinion affirming denial of Rule 35 relief on the basis of the opinion in Popeko's direct appeal may seem confusing, but the precedential authority of an appellate ruling is found in what the court necessarily decided in order to reach a result. Where a precedent surfaces, albeit previously undisclosed because an opinion fails to articulate the basis of the court's decision, we must follow that precedent, absent any decisions of this Circuit or the Supreme Court to the contrary.

Affirmed.