**Tom LINEBERY and Evelyn Linebery, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 74–4063
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 30, 1975.

Rehearing and Rehearing En Banc
Denied June 30, 1975.

William Monroe Kerr, Midland, Tex., for plaintiffs-appellants.

William S. Sessions, U. S. Atty., San Antonio, Tex., Scott P. Crampton, Asst. Atty. Gen., Grant W. Wiprud, William S. Estabrook, III, Attys., Tax Div., Dept. of Justice, Gilbert E. Andrews, Acting Chief, App. Sec., Dept. of Justice, Washington, D. C., Eugene G. Sayre, Dept. of Justice, Dallas, Tex., for defendant-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

This suit for refund of income taxes poses the issue of whether the grant of certain mineral rights and easements by the taxpayer sellers was a sale entitling the taxpayers to capital gains treatment, or whether the conveyances were in the nature of mineral leases, the payment therefore being taxable as ordinary income. The district court granted summary judgment for the Government on the ground that the underlying transaction, including the documents of conveyance, was in all material respects identical to the one in Vest v. Commissioner of Internal Revenue, 481 F.2d 238 (5th Cir.), cert. denied, 414 U.S. 1092, 94 S.Ct. 722, 38 L.Ed.2d 549 (1973).

On this appeal the taxpayers recognize the controlling nature of *Vest,* but urge us to overrule it, asserting that it is a "genetic sport" which needs correcting. There is a firm policy in this Circuit that one panel will not overrule a decision of another panel. *See, e. g.,* United States v. Lewis, 475 F.2d 571, 574 (5th Cir. 1972); United States v. Bailey, 468 F.2d 652, 669 (1972), aff'd, 480 F.2d 518 (5th Cir. 1973) (en banc); United States v. Hereden, 464 F.2d 611, 613 (5th Cir.), cert. denied, 409 U.S. 1028, 93 S.Ct. 472, 34 L.Ed.2d 322 (1972); Manning v. M/V "Sea Road," 417 F.2d 603, 610–611 n. 10 (5th Cir. 1969). The decision in *Vest* being dispositive of all issues presented on this appeal, it is unnecessary for us to reconsider the merits of that holding.

Affirmed.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.