**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-20078
Summary Calendar

ROBERT J. MAYBERRY, III,

Plaintiff-Appellant,

VERSUS

PRUDENTIAL SECURITIES INCORPORATED,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(H-98-CV-3233)

August 20, 1999

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mayberry filed this suit against his former employer, Prudential Securities (Prudential) under Title XII and 42 U.S.C. 0§ 1981 alleging that Prudential had discriminated against him on the basis of race. Prudential filed a motion to compel arbitration along with a motion to dismiss the suit relying on an arbitration agreement Mayberry signed in his application for securities registration along with a separate arbitration agreement he completed in his employment application with Prudential. The district court granted the defendant's motion to compel arbitration

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and after determining that all of the plaintiff's claims were arbitrable, granted defendant's motion to dismiss the complaint.

On appeal, Mr. Mayberry argues that this court should "reverse its prior holdings that Title VII claims, under the 1991 amendments, are subject to compulsory arbitration . . ."

Even if this panel were so inclined, it does not have the power to overrule established circuit precedent. <u>Lineberry v. United States</u>, 512 F.2d 510 (5th Cir. 1975). In <u>Rojas v. T.K. Communications, Inc</u>., 87 F.3d 745, 747 (5th Cir. 1996), we held that arbitration agreements similar to those executed by the plaintiff encompass Title VII and Section 1981 claims and require that those claims be arbitrated. The district court correctly dismissed plaintiff's complaint.[2]

AFFIRMED.

---

[2]Prudential filed a number of motions, all of which are denied as moot.