## MILLER v. COMMONWEALTH OF KENTUCKY.

No. 5538.

Circuit Court of Appeals, Sixth Circuit.

May 13, 1930.

C. C. Grassham, of Paducah, Ky., for appellant.

John L. Grayot, of Madisonville, Ky., for the Commonwealth.

Before MOORMAN, MACK, and HICK-ENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

The record in this case discloses the following facts. On or about August 20, 1925, two residents of Hopkinsville, Ky., Fox and Young, informed Clarence Gossett, deputy sheriff of Christian county, that an unknown man was operating a still in the woods not far from the Daniel Boone coal mines, and was residing in a tent nearby. This information was apparently based only upon the presence of the stranger and the fact that Fox had seen smoke supposed to be from a still. Fox, Young, and Gossett thereupon went to the appellant, Roy V. Miller, a federal prohibition agent, and, after advice from the United States Commissioner that no search warrant was required, the four of them departed by taxi upon a tour of investigation, Miller acting in his official capacity, and the others serving as possemen.

Arriving at the tent of one Frank Sears near Daniel Boone, Miller stated his name and the office he occupied, showed his credentials and asked for permission to search the neighborhood. This permission was granted, in so far as Sears could grant it. Sears was then working upon an old Ford automobile, clad only in khaki trousers and an undershirt. He was not placed under arrest. No search of the tent was suggested. Miller told Gossett and Armstrong, the taxi driver, to stay with Sears while he (Miller) made the investigation. As Miller was leaving he heard calls of "Halt! Halt!" followed by shots, and turned to see Sears running toward a nearby thicket. Thereupon he too shot at the fugitive, who immediately fell, mortally wounded. The shooting was done by Miller, Gossett, and Fox, and the evidence supports the conclusion that missiles from the weapons of each took effect.

All were indicted for murder, in the circuit court of Hopkins county, where the shooting took place, and the case was removed for trial before the United States District Court under section 33 of the Judicial Code, title 28 U. S. Code § 76 (28 USCA § 76). The substantial position taken by defendants, as shown by the evidence, was that they acted in self-defense. This, the prosecution claimed, was refuted by physical facts which could not be controverted. The jury acquitted Young and Armstrong, and convicted Miller, Gossett, and Fox of voluntary manslaughter, fixing their sentence, in accordance with state practice, at two years confinement in the penitentiary. Miller alone appeals.

■ Error is assigned to the action of the court in permitting the jury to fix the penalty, rather than to decide solely upon the guilt or innocence of the accused; (2) in failing to define, in the charge, the rights of the accused as an officer making an arrest, or having reasonable grounds for belief that a

felony had been committed, and shooting to avoid the escape of the felon; (3) in failing to grant a new trial on the ground of newly discovered evidence; (4) because of misconduct of the jury; and (5) generally, that the record discloses a clear case of miscarriage of justice. Counsel now representing defendant upon this appeal did not appear for him below and the motion and grounds for a new trial specified only assignments 3 and 4. On oral argument it was also urged that the court erred in failing to sufficiently define "reasonable doubt" and other terms used in the charge, and in conditioning application of the plea of self-defense upon the belief of the "defendants" (alleged to mean the belief of all defendants, collectively) "that they were, or any member of their posse was, then and there in danger of death or great bodily harm;" but obviously these last-mentioned contentions may be considered only under assignment 5, since no exception was taken to the charge as given, no request for additional instructions was made, and these particular grounds of alleged error appear in neither the motion for a new trial nor the assignments of error. They cannot therefore be independently considered.

■ The procedure to be followed and the law to be applied in a trial in the United States District Court for an offense against the laws of a state, was so recently fully considered in our decision in Carter v. Tennessee, 18 F.(2d) 850, that it is unnecessary to here repeat more than our conclusion that, in such a case, the federal court takes cognizance of the case and tries it according to its own "forms of proceedings," but applies the state law as to all substantive matters. This doctrine disposes of assignments of error 1 and 2.

■ If the provision of the law of Kentucky, permitting the jury to fix the penalty in case of a verdict of guilty, be considered as affecting the substantive rights of the defendant, this question was properly left to the jury as a matter of state law. If, on the other hand, it be considered as a matter of procedure, no prejudice resulted, since the jury fixed the minimum sentence for voluntary manslaughter.

■ We are likewise of the opinion that the second assignment is without merit. In Carter v. Tennessee, we held that the taking of exceptions was a matter of "form of proceedings." Whether the appellate court will examine into questions not raised in the court below would also seem to be of this nature. So considered, the federal rule would apply, and all assignments based on inaccuracy or insufficiency of the charge must fall because of the absence of proper exception. But it is urged that no exception at the time is necessary in a criminal case in Kentucky, and that the right of the defendant to a full and correct statement of the law by the court is a substantive matter, and governed by the law of Kentucky. If this be conceded, inquiry is still foreclosed. The Court of Appeals of Kentucky will not consider any alleged error in the instructions given, or failure to give other instructions, unless the ground be mentioned or relied upon in the motion and grounds for a new trial. Owens v. Commonwealth, 181 Ky. 378, 381, 205 S. W. 398; Cooley v. Commonwealth, 185 Ky. 142, 146. Such, also, is the rule in civil cases, Pacific Mut. Life Ins. Co. v. Cash, 224 Ky. 292, 298, 6 S.W.(2d) 239. In addition, the charges which it is claimed in this assignment were omitted were wholly irrelevant to any fact issue in the case. No error appears in this respect.

■ The third assignment is based upon the alleged newly discovered evidence that the deceased was ambidextrous. The plea of self-defense was supported by the testimony of the defendants that, as he ran, Sears was turning and pointing his own pistol over his left arm. The prosecution discredited this evidence, in part, by proof that Sears was left-handed. No claim of surprise was asserted at the trial, nor continuance then asked. At least one of the witnesses, tendered in support of the claim of newly discovered evidence, was present in court at the trial. His former acquaintance with Sears was known and a question would have disclosed his ability to testify. The evidence is not at all conclusive, but tends to affect only the weight and credibility of the rebuttal evidence and as such it does not constitute proper basis for a new trial. Cf. De-long v. Commonwealth, 198 Ky. 316, 318, 248 S. W. 839; Ray v. Commonwealth, 184 Ky. 800, 212 S. W. 908.

■ In support of appellant's fourth assignment of error, it is urged that the jury was improperly permitted to read an account of the trial which appeared in the Paducah News-Democrat, and that this influenced the jury to return an adverse verdict. This article is reprinted in full in the record, and it is nothing more than an unbiased and, for-

a newspaper, a rather accurately complete account of the trial the day before. The record does not disclose when notice of the reading of this newspaper article by the jury first came to the appellant or his counsel. It is not to be assumed that the fact was not known at the time, and yet the record contains no statement of action then taken, no motion for a mistrial, and no request for instruction upon the subject. Both for this reason, and because of the inoffensive nature of the article, this assignment of error cannot be sustained. Cf. King v. U. S., 25 F.(2d) 242 (C. C. A. 6).

On the last assignment of error, it is only necessary to say that we have examined the record with great care and find no claim of error properly preserved for our consideration. It is true that this court will notice errors, even though no objection was made, nor exception taken, but we do so only where such error has clearly caused a miscarriage of justice. Optner v. U. S. (C. C. A.) 13 F.(2d) 11, 13. We find no such error in the present record. The appellant had a fair trial and his chief complaint must be that the jury considered his plea of self-defense wholly incredible.

Affirmed.