STRAUCH

v.

UNITED STATES (two cases).

SHER v. UNITED STATES.

Nos. 11992–11994.

United States Court of Appeals Sixth Circuit.

April 21, 1954.

Rehearing Denied June 17, 1954.

John J. Hooker, Nashville, Tenn. (Morris L. Strauch, Memphis, Tenn., Wm. S. Miller, Jr., Little Rock, Ark., on the brief), for appellant.

James L. Roberts, Nashville, Tenn., Fred Elledge, Jr., James M. Swiggart, Nashville, Tenn., on the brief), for appellee.

Before ALLEN, Circuit Judge, and STARR and GOURLEY, District Judges.

PER CURIAM.

This case came on to be heard on the record and briefs and oral argument of counsel;

And it appearing that in these cases, consolidated for trial by agreement of counsel, each case charging violations of 26 U.S.C. § 145(b), appellant Jacob Strauch was indicted for wilfully and knowingly attempting to evade income taxes for the years 1944, 1945 and 1946, and appellants Alex Strauch and Harry Benjamin Sher were indicted for wilfully and knowingly attempting to evade income taxes for the years 1944 and 1945;

And it appearing that the jury found each appellant guilty as charged in the various indictments;

And it appearing that the net worth figures introduced by the government bearing on the charge against Jacob Strauch were relevant and corroborated the government's contention that income not reported by appellant Jacob Strauch was received in the taxable years;

And it appearing that appellants made no proposition to compromise their possible civil income tax liability and that Ecklund v. United States, 6 Cir., 159 F.2d 81, does not control;

And it appearing that the Restatement of Partnership Income executed by all appellants, prepared for appellants at their own request, admitted that substantial variations existed between the Restatement and the income declared by appellants as partners in their tax returns for the years involved;

And no exception being taken to the charge of the court, the verdict being supported by substantial evidence and no reversible error existing in the record;

It is ordered that the judgments be and they hereby are affirmed.

ALLEN, Circuit Judge.

This case is before the court upon petition for rehearing. Appellants urge (1) that the court erred in not holding Ecklund v. United States, 6 Cir., 159 F.2d 81 controlling, and (2) that the judgment should be reversed because of prejudicial error in the charge of the trial court. The question whether the statement of income filed voluntarily by the three appellants constituted an offer of compromise was fully considered in connection with the hearing and we adhere to our conclusion that Ecklund v. United States, supra, does not govern this controversy. Under this record the statement filed was not an offer of compromise and was admissible.

The question whether the District Court erred in charging upon the

subject of the penalty provided under § 145(b) of Title 26 U.S.C. for willful attempt to evade or defeat income taxes was not considered in the trial but was raised at the hearing by one of the members of this court. This portion of the charge was included in the general charge, was not excepted to by able counsel nor attacked by them either in brief or argument upon the hearing in this court. The majority of the court thinks that the charge, the pertinent portion of which is given in the margin,[1] was not prejudicial. We think the statement by the court, "If your verdict is not guilty then that is the end of the case. The Government can't appeal from that verdict by the jury," was favorable to appellants and under the facts of this case it could not have induced a conviction. The three indictments set forth alleged income tax evasion for the taxable years, two of the appellants being charged with falsifying the income from a partnership of which all three appellants were members, and the third appellant being charged with failure to declare income from the partnership and also from an individual business which he owned. After the investigation of possible tax evasion began the three appellants voluntarily executed a statement setting forth material variations from the taxes reported by them in the taxable years and concerning these variations made the following statement:

"This statement executed by Harry B. Sher, Alex Strauch and Jacob Strauch this 12th day of December, 1949:

"Having re-examined, at the request of my counsel and auditors, the books and records of Strauch & Sher, a partnership, and having, pursuant to request, re-examined supporting memoranda with reference to sales and expenditures of the said partnership,

"It is the opinion and belief of the undersigned that a corrected statement of income of the said partnership is properly reflected in the exhibit hereto attached, entitled 'Restatement of Partnership Income,' and that taxable income of the undersigned should be appropriately computed as a result of the said restatement:

"Further, that the variations resulting from the totals reflecting in

---

1. "These indictments, ladies and gentlemen of the jury, were returned under Section 145 (b) of Title 26 of the United States Code, which provides, so far as it pertains to these charges, that any person who wilfully attempts in any manner to evade or defeat any tax imposed by this chapter, or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and upon conviction thereof be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution.

"Now, as the Court has charged you, your duties as jurors consist of a fact-finding body, and when you have reached a verdict in the case, either guilty or not guilty, then your duties are at an end. If your verdict is not guilty then that is the end of the case. The Government can't appeal from that verdict by the jury. If your verdict is guilty, then of course it becomes the duty of the Court to pass sentence. You have nothing whatever to do with the fixing of any sentence in any case, but merely to hear the evidence in the case and determine from that evidence whether or not the charges are sustained, whether or not the defendant is guilty or not guilty.

"Now, as to the matter in the punishment provided by the statute, that means that the Court in passing sentence may fine the defendant any amount, according to the discretion of the Court, from one cent up to ten thousand dollars. There is not any definite amount fixed in the statute that the Court must fine the defendant. The statute says that 'Upon conviction thereof, the defendant may be fined not more than ten thousand dollars.' That means that the Court could fine him any amount from one cent to ten thousand dollars. 'Or imprisoned for not more than five years.' That means the Court could order him imprisoned for any length of time from one minute up to five years, according to the punishment that the Court might think is justified in this case. That does not mean that the Court has to impose a fine of ten thousand dollars or a sentence of five years, but leaves it to the discretion of the Court."

the said restatement from the income as reported by the individuals, or as set forth in explanatory comments heretofore submitted are attributable to error in maintenance of records and the classification of items of income and expense and are not attributable to intent on the part of the undersigned to defraud the government, or willfully, to evade the payment of any income taxes as and when due.

"This statement has been prepared at our request in conformance with information furnished by ourselves.

"/s/ Harry B. Sher,
"/s/ Alex Strauch,
"/s/ Jacob Strauch."

It was shown by this statement and the records of the partnership that all three appellants in the years 1944 to 1946, inclusive, received income on which they failed to pay a tax. The bank deposits of Jacob Strauch showed that he had received income in 1944, 1945 and 1946 from an individual jewelry business on which he did not pay a tax. The evidence, upon these points was overwhelming. In the face of this evidence, much of it taken from appellants' own books of account, the jury found appellants guilty. We see nothing in the court's statement which can be construed as asking the jury to convict, and in addition we cannot conceive that under this record this portion of the court's instructions could have influenced the jury as to conviction. The lack of exception by experienced counsel and the total failure to argue at the hearing in this court the point now stressed strongly indicates that the error of the trial court, which is not to be commended, was not prejudicial. None of the cases relied upon are in point. In Lovely v. United States, 4 Cir., 169 F.2d 386, serious error to the prejudice of the defendant was committed in the admission of testimony. Also the court in explaining that the sentence carried a life penalty stated that the defendant was eligible to parole after fifteen years. In Demetree v. United States, 5

Cir., 207 F.2d 892, the jury repeatedly reported that it was unable to agree upon a verdict and finally asked the judge to state what the punishment would be. The judge assured the jury that the maximum sentence would not be imposed. These cases afford no assistance in solving the problem presented here.

The majority of the court concludes that, as no prejudicial error existed in the conduct of the trial nor in the charge of the court, the petition for rehearing must be denied.

GOURLEY, District Judge (dissenting).

In these criminal appeals from a jury verdict of guilty, I joined in a per curiam order affirming the judgments of the District Court since I believed substantial evidence existed to support the verdicts. I was also of the opinion, and continue to so believe, that no error existed in the record to which objection was made or exception taken. There was no basis to sustain any of the assignments of error presented by the defendants in their appeal.

Nevertheless, during the argument of the appeal, I noticed what I considered "plain error" in the charge of the trial judge which I believed affected substantial rights of the defendants.

The following portion of the District Judge's charge to the jury, in my judgment, poignantly poses the question of "plain error."

"These indictments, ladies and gentlemen of the jury, were returned under Section 145(b) of Title 26 of the United States Code, which provides, so far as it pertains to these charges, that any person who wilfully attempts in any manner to evade or defeat any tax imposed by this chapter, or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and upon conviction thereof be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution.

"Now, as the Court has charged you, your duties as jurors consist of a fact-finding body, and when you have reached a verdict in the case, either guilty or not guilty, then your duties are at an end. *If your verdict is not guilty then that is the end of the case. The Government can't appeal from that verdict by the jury.* If your verdict is guilty, then of course it becomes the duty of the Court to pass sentence. You have nothing whatever to do with the fixing of any sentence in any case, but merely to hear the evidence in the case and determine from that evidence whether or not the charges are sustained, whether or not the defendant is guilty or not guilty.

"Now, as to the matter of the punishment provided by the statute, that means that the Court in passing sentence may fine the defendant any amount, according to the discretion of the Court, from one cent up to ten thousand dollars. There is not any definite amount fixed in the statute that the Court must fine the defendant. The statute says that 'Upon conviction thereof, the defendant may be fined not more than ten thousand dollars.' That means that the Court could fine him any amount from one cent to ten thousand dollars. 'Or imprisoned for not more than five years.' That means the Court could order him imprisoned for any length of time from one minute up to five years, according to the punishment that the Court might think is justified in this case. That does not mean that the Court has to impose a fine of ten thousand dollars or a sentence of five years, but leaves it to the discretion of the Court." (Italics supplied.)

The question of plain or substantial error was not argued and counsel for the litigants were not prepared to enlighten the court on applicable principles of law.

Opportunity has now existed for an independent research and more reflected judgment to be made of the law, and I am now convinced that substantial or plain error does exist which materially affected the rights of the defendants.

I must, therefore, vacate my joinder in the per curiam order of affirmation and respectfully dissent to the judgment of my learned colleagues.

It is incumbent upon this court to take notice of substantial or plain error, whether or not such error was raised by counsel at time of trial or laid as an assignment of error in appeal.

The law provides an impenetrable cloak of protection about a defendant in a criminal proceeding which requires the court of appeals, in cases of serious criminal offenses to carefully check the record for error prejudicial to defendant, whether such error had been urged upon the court or not. Tatum v. United States, 88 U.S.App.D.C. 386, 190 F.2d 612.

Undoubtedly, as a matter of administrative policy, to avoid any unnecessary appeals and new trials, it is important that errors, which inevitably will occur from time to time in extemporaneous charges of the most competent judges, be pointed out immediately by trial counsel with a view to their correction then and there. That policy is enforced in many cases by refusal to review for defects in a charge not challenged at the trial. Indeed, the silence of counsel often suggests that errors seem trivial at that time. But where, particularly in a criminal case, several errors appear, which in the aggregate contain the potential of substantial damage to the accused, the policy of sound and time saving trial administration which would penalize failure to point out error below may have to yield to more important considerations of making sure that the accused has been treated fairly. United States v. Cumberland, 3 Cir., 200 F.2d 609; Miller v. Commonwealth of Kentucky, 6 Cir., 40 F.2d 820; Morris v. United States, 9 Cir., 156 F.2d 525, 169 A.L.R. 305; United States v. Raub, 7 Cir., 177 F.2d 312; Logan v. United States, 5 Cir., 192 F.2d 388; Wyche v. United States, 90 U.S. App.D.C. 67, 193 F.2d 703; Apodaca v. United States, 10 Cir., 188 F.2d 932;

810

Rose v. United States, 10 Cir., 128 F.2d 622; Remmer v. United States, 9 Cir., 205 F.2d 277.

Thus, the question is resolved as to whether the error committed was of so fundamental a nature that the court of appeals should exercise the power provided by Rule 52(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

I believe the error below is "plain" within the meaning of the rule, and that it affects "substantial rights." I can perceive nothing more substantial than to have the members of the jury, in their deliberation, consider the fact that if a verdict of not guilty is returned, no right to appeal exists on the part of the Government, and to further consider the nature or extent of the punishment that the trial court could impose in the event of a verdict of guilty.

Criminal jurisprudence has long recognized error and inherent danger to a fair trial when a jury is charged on the subject of punishment, and certainly, even more grievous error and peril to the impartial administration of justice would exist when reference is made to the Government's inability to appeal from a verdict of not guilty. Ryan v. United States, 8 Cir., 99 F.2d 864; Demetree v. United States, 5 Cir., 207 F.2d 892; 23 C.J.S., Criminal Law, § 1290(b) page 869; Housel and Walser, 2nd Ed., Defending and Prosecuting Federal Criminal Cases.

When instructions have been made to a jury which should not be made, it is a question of judgment whether what was said was so prejudicial as to justify a reversal where the evidence is sufficient to support the conviction.

I cannot conceive that the instructions made by the trial judge were not considered with some weight in the determination of the guilt or innocence of the defendant.

The administration of criminal justice in this democracy should not be subjected to the remotest hazard that a person be deprived of his liberty on any thoughts or ideas that do not relate directly to the facts as presented to establish a defendant's guilt.

I, therefore, respectfully dissent from the judgment of my distinguished colleagues and believe that a new trial should be awarded and the proceeding remanded to the District Court.

Since the formulation of the within dissent, defendants have made application to the court for rehearing and for the reasons herein stated, I believe rehearing should be granted.