Elizabeth M. ERWIN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 12903.

United States Court of Appeals
Sixth Circuit.

Feb. 13, 1957.

Z. T. Osborn, Jr., Nashville, Tenn.,
Barksdale, Hudgins & Osborn, Nashville,
Tenn., on the brief, for appellant.

Andrew M. Gant, Jr., U. S. Atty.,
Nashville, Tenn., Fred Elledge, Jr., U.
S. Atty., Nashville, Tenn., on the brief,
for appellee.

Before MARTIN, McALLISTER and
MILLER, Circuit Judges.

McALLISTER, Circuit Judge.

From a conviction for using the mail to
carry out a scheme to defraud, in viola-
tion of Title 18 U.S.C.A. § 1341, the de-
fendant appeals, claiming prejudicial er-
ror in the instructions to the jury.

During the course of its charge, the
trial court read the following pertinent
section of the statute to the jury:

"Whoever, having devised or in-
tending to devise any scheme or ar-
tifice to defraud, or for obtaining
money or property by means of
fraud or fraudulent pretenses, rep-
resentations, or promises, for the
purpose of executing such scheme or
artifice, or attempting to do so,
places in any postoffice or authorized
depository for mail matter, any mat-
ter or thing whatever to be sent or
delivered by the Postoffice Depart-
ment, or knowingly causes to be de-
livered by mail according to the di-
rection therein, or at the place at
which it is directed to be delivered
to the person to whom it is ad-
dressed, any such matter or thing,

shall be fined or imprisoned as provided in the Act." [1]

Immediately after reading the above section of the statute to the jury, the trial court continued:

"Now, in that connection, ladies and gentleman of the jury, the Court charges you that under the law which has just been read to you, it is immaterial whether the defendant obtained any money or not, and that it wasn't necessary for her to actually obtain any money by her acts to be guilty of the offense defined by the statute."

All of the foregoing charge was correct as a matter of law.

Appellant contends, however, that the trial court committed prejudicial, reversible error, because the good faith of the defendant was a defense; that the question of her intent was for the jury; and that the jury was entitled to consider, in passing upon the question of the defendant's innocent or guilty intent, "the use to which money obtained by use of the mails was put," citing United States v. Brandt, 2 Cir., 196 F.2d 653; Coleman v. United States, 5 Cir., 167 F. 2d 837; United States v. Buckner, 2 Cir., 108 F.2d 921; and United States v. McNamara, 2 Cir., 91 F.2d 986. It is true that whether or not defendant obtained money as a result of the scheme would be a matter that the jury could take into consideration in weighing the question of her innocent or guilty intent. Nevertheless, it is also the law, as the trial court charged, that, under the statute which the court read to the jury, it was immaterial whether the defendant obtained any money or not, since the mere devising of a scheme for obtaining money or property by fraud and the use of the mail for the purpose of executing such scheme constitutes a violation of the statute. The trial court did not instruct the jury that it might consider "the use to which money obtained by use of the mails was put," as bearing upon appellant's inno-

cent or guilty intent; but the court was not requested to give this instruction. In the absence of such request, the failure so to instruct was not error.

As bearing on the fairness to appellant of the charge, it is to be said that the court instructed the jury at length on the question of reasonable doubt, and, in addition, with regard to circumstantial evidence, charged that "the circumstances relied upon must point so unerringly to the guilt of the accused as to exclude every other reasonable hypothesis; that such circumstances must be consistent with each other, and inconsistent with any other reasonable hypothesis except the guilt of the accused."

Finally, the court instructed the jury that if it should find the defendant guilty, and it should appear that she did not actually receive any money, "that would be a circumstance that should be taken into consideration by the Court in determining what sentence should be imposed." We do not consider this reversible error, in the instant case; but in other cases, according to circumstances or the language of the instructions, such language might well be suggestive and prejudicial; and it is good practice for a trial court not to refer to the possibilities of sentencing in his instructions.

In accordance with the foregoing, the judgment of the district court is affirmeed.

SHACKELFORD MILLER, Jr., Circuit Judge (dissenting).

In my opinion it was prejudicial error for the District Judge to encourage a verdict of guilty by suggesting to the jury the probability of a light sentence. Smith v. United States, 6 Cir., 230 F.2d 935, 940; Lovely v. United States, 4 Cir., 169 F.2d 386, 391. See: Ryan v. United States, 8 Cir., 99 F.2d 864, 873, certiorari denied, 306 U.S. 635, 59 S.Ct. 484, 83 L. Ed. 1037, rehearing denied, 306 U.S. 668, 59 S.Ct. 586, 83 L.Ed. 1063. I would reverse the judgment on that ground.

[1.] The last two lines of the statute state, in lieu of that read by the court: " * * shall be fined not more than $1,000 or im-

prisoned not more than five years, or both."