Robert Donald SULLIVAN, and Johnny Frederick Woods, Appellants,

v.

UNITED STATES of America, Appellee.

No. 20293.

United States Court of Appeals Fifth Circuit.

May 8, 1963.

Rehearing Denied May 28, 1963.

Newton B. Schwartz, Houston, Tex., Robert Donald Sullivan, Texarkana, Tex., Johnny Frederick Woods, Leavenworth, Kan., for appellants.

T. Gary Cole, Jr., Asst. U. S. Atty., Fort Worth, Tex., Barefoot Sanders, U. S. Atty., for appellee.

Before HUTCHESON and GEWIN, Circuit Judges, and CONNALLY, District Judge.

PER CURIAM.

This is an appeal from a jury verdict and judgment thereon finding the defendants guilty of violating Title 18 U.S.C.A. § 2421. Each of the defendants was sentenced to serve five (5) years.

The appellants claim error in the Court's charge for failure to give limiting instructions as to evidence of prior misconduct; a failure to properly charge on the element of criminal intent; an inadequate definition of the words "unlawfully" and "knowingly"; a lack of instructions as to the credibility of the sole witness for the Government; and improper instructions as to the burden of proof. The appellants further complain that the Court should have granted their motion for judgment of acquittal, because the evidence showed that the dominant purpose of the trip was not for the purpose of engaging in the conduct denounced by the White-Slave Traffic Acts.

■ A reading of the Court's entire charge convinces us that the Court's charge was adequate and where objections were raised by appellants, such objections were cured by subsequent instructions. White v. U. S., 5 Cir., 1953, 200 F.2d 509; Rule 30, F.R.Crim.P.; Finley v. U. S., 5 Cir., 1959, 271 F.2d 777; Fowler v. U. S., 5 Cir., 1957, 242 F.2d 860. An examination of the record does not reveal such plain errors or defects affecting substantial rights of the appellants as to require reversal under F.R.Crim.P. 52(b). As we have heretofore observed in prior cases:

"Each case stands upon its own peculiar facts and circumstances as to whether a defendant has been afforded a fair trial."

In the instant case, we conclude that the appellants were afforded a fair trial. Benham v. U. S., 5 Cir., 1954, 215 F.2d 472; Lott et al. v. U. S., 5 Cir., 1962, 309 F.2d 115.

■ The appellants assert or strongly intimate that the sentence imposed is too severe. The question of punishment is a matter for the decision of the trial judge; but if, upon affirmance, the trial judge desires to entertain a motion for mitigation or modification of the sentence, he may do so within sixty days after receipt by that Court of a mandate issued upon affirmance of the judgment. The reduction of a valid sentence after affirmance is within the discretion of the trial court. Considerations based on compassion and mercy should be addressed to the trial court and not to us.

The judgment is
Affirmed.