**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Latic KEY, Defendant-Appellant.**

**No. 17229.**

United States Court of Appeals Sixth Circuit.

Jan. 12, 1967.

Certiorari Denied March 27, 1967. See 87 S.Ct. 1287.

G. Edward Friar, Knoxville, Tenn., for appellant.

John H. Cary, Asst. U. S. Atty., Knoxville, Tenn., for appellee, J. H. Reddy, U. S. Atty., Knoxville, Tenn., on the brief.

Before WEICK, Chief Judge, PECK, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

The defendant-appellant, Latic Key, was convicted in the United States District Court for the Eastern District of Tennessee, Northeastern Division, on all counts of a fourteen-count information, charging him with causing a drug, amphetamine hychochloride tablets, which had been shipped in interstate commerce, to be dispensed to a government agent without a prescription therefor from a practitioner licensed to administer said drug, in violation of Section 353(b) (1) (B), Title 21, U.S.C.[1] The appellant was sentenced to imprisonment for one year each on counts eleven, twelve and fourteen to be served consecutively and he was fined $500 on each of counts one to ten. On count thirteen he was placed on probation for a period of four years, to be consecutive to the term of imprisonment.

The appellant was the proprietor of a business known as Cloverleaf Truck Stop, located about four miles from Newport, Tennessee. George A. Masters was an inspector with the United States Food and Drug Administration. Successively, on the dates of October 19th, 26th, November 16th and December 4th, of 1964,

---

1. "(b) (1) A drug intended for use by man which—

   *     *     *     *     *

"(B) Because of its toxicity or other potentiality for harmful effect, or the method of its use, or the collateral measures necessary to its use, is not safe for use except under the supervision of a practitioner licensed by law to administer such drug; * * *

shall be dispensed only (i) upon a written prescription of a practitioner licensed by law to administer such drug; * * *."

Masters visited the appellant's truck stop as an undercover agent of the government. He was accompanied by other persons on these visits, and on the occasion of each visit they made purchases of the drug in question. The sales which are the subject of counts one to ten, inclusive, and count thirteen, were variously made by the appellant's wife and three waitresses employed by the appellant. They were all co-defendants of the appellant and were tried jointly with him. The sales which were the subject of counts eleven, twelve and fourteen were made personally by the appellant.

■ The information charging the appellant, his wife and three waitresses with the illegal dispensings of the above described drug was filed by the United States Attorney on October 8, 1965. The trial was held by previous assignment on November 17, 1965. On November 3rd, counsel for appellant moved for a bill of particulars. The government responded to this motion the following day. Immediately before the trial, on the morning of the 17th, counsel for appellant filed a motion for further particulars. This motion was granted but counsel claimed that it was too late to be of use to him in preparing his defense and moved for a continuance. This motion was denied. Counsel assigns this denial as error. This claim is without merit. Counsel had two weeks to determine that the government's response was insufficient and he cannot be heard to complain on the morning of the trial.

■ We find no merit to the claim that hearsay testimony of conversations between government witnesses and appellant's co-defendants was admitted into evidence. No motion was made for a severance (Rule 14, F.R.Cr.P.) and necessarily in a joint trial of defendants the evidence against co-defendants must be admitted. There is no claim that the trial judge did not properly instruct the jury that such evidence was not to be considered as to the appellant. Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101; Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L. Ed.2d 278; Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; Glenn v. United States, 271 F.2d 880 (C.A. 6); United States v. Sykes, 305 F.2d 172 (C.A. 6), reversed on other grounds, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777.

■ The fourteen counts of the information, upon which the appellant was convicted, arose out of four visits of the government agents to the appellant's place of business and in point of time were from October 19th to December 4th in the year 1964. Significantly, the visits ceased when the appellant himself made a sale on December 4th. The assignment of error with reference to repeated visits is without merit.

■ Counsel for appellant assigns as error the failure of the government to put an alleged informer on the witness stand to testify on behalf of the government. The evidence upon which the appellant was convicted was secured by government agents personally and was in no way dependent on an informer. Furthermore, it appears that the alleged informer, whose identity was known to the defense, was in the court room during the trial and that counsel for appellant had ample opportunity to interview him. Under the circumstances, the government was not required to put him on the witness stand.

■ Contrary to the claim of counsel for the appellant, the government proved all of the essential elements of the crime. It was only necessary to prove that the drug in question was shipped in interstate commerce, that it was not safe for use, except under the supervision of a practitioner licensed by law to administer such a drug and that it was dispensed without a prescription from a practitioner licensed by law to administer such a drug.

Judgment of the District Court is affirmed.