**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**William CRAIG, Defendant-Appellant.**

**No. 72–1922.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 15, 1973.

Decided April 25, 1973.

Cornelius Pitts, Detroit, Mich., for defendant-appellant.

William C. Ibershof, Asst. U. S. Atty., E. D. Mich., Detroit, for plaintiff-appellee; Ralph B. Guy, Jr., U. S. Atty., on brief.

Before PHILLIPS, Chief Judge, MILLER, Circuit Judge, and Mc-ALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

Defendant was convicted on two counts of selling narcotics. There were two government witnesses who were special agents—one, the buyer in the transaction, and the other, the witness of the sales. The defendant appeals the conviction and raises two issues.

It appears that a woman, who was a narcotic-user herself, was the go-between. She had been arrested on the charge and was out on bail. Through her, the special agents learned of the man who had procured narcotics for her and had used them while with her on many occasions. One of the special agents had been introduced to defendant and to the woman go-between by another special agent. The agent, with the woman go-between, referred to as an informant, went to see defendant at his home. According to the agent's testimony, he asked defendant if he could purchase heroin from him and defendant answered that he could. Defendant told the agent that the heroin was of good quality; that the charge would be $350.00 an ounce; and if the heroin were found unsatisfactory, a refund would be made. They then went to a certain house where the agent gave defendant the money and, in turn, received the narcotics. The two agents testified to similar transactions in which defendant afterward sold additional heroin to them. In some instances the woman go-between, or informer, was in the car with defendant and one or the other of the agents when they drove to the house where defendant procured the narcotics. Defendant testified that when he went to the house mentioned to secure the narcotics, the money for the purchase of the narcotics was handed to the go-between, or informer, and she turned the money over to the defendant. In addition, the defendant stated that when he procured the narcotics from the house, he handed them to the go-between, who then handed them over to the agent.

The defendant also stated he was told by the go-between that the special agent was an out-of-town dealer in narcotics and she wanted defendant to get some drugs for her to give to the agent in return for the money received from the agent and handed to the defendant. Moreover, and this point is pertinent, the defendant stated that for his services in procuring the narcotics, he received some drugs for himself, and that "it helps when you haven't got no money and you haven't had no drugs that day, to run into somebody who is looking for some nice drugs." Defendant also said that he and the go-between and the agent all engaged in discussion about the narcotics and their prices.

Defendant claims that upon his request, the Government was required to produce the informant in court. We do not agree. The government is not ordinarily compelled to call all witnesses competent to testify including special agents or informers. United

States v. Mosby, 422 F.2d 72, 74 (C.A. 8), cert. denied 399 U.S. 914, 90 S.Ct. 2217, 26 L.Ed.2d 571. The evidence upon which the appellant was convicted was secured by government agents personally and was in no way dependent on any informer. United States v. Key, 371 F.2d 421, 423 (C.A.6). The Government was not required to produce the informer under the circumstances of this case; and we find defendant's contention in this regard to be without merit.

■ Defendant also claims error because, during the jury deliberations, the trial judge, in answer to a question from the jury as to whether it could recommend leniency, stated it could not make such a recommendation. However, the judge, in his response, stated that sentencing was solely the function of the judge, but that the processing of sentencing was carried out very carefully, with three judges taking part in a consultation and, after a discussion of the case, with the Probation Department. We are of the opinion that the judge's statement in no way influenced the jury or pressured it into believing that leniency would be granted. See, however, United States v. Davidson, 367 F.2d 60, 64 (C.A.6) as a cautionary suggestion in cases similar to the instant case, and Smith v. United States, 230 F.2d 935, 940, where this Court declared: "It is best simply to advise the jury that they have nothing to do with the penalty."

Erwin v. United States, 242 F.2d 336 (C.A.6) was an embezzlement case. The trial judge instructed the jury that if it should appear that the defendant did not receive any money " 'that would be a circumstance that should be taken into consideration by the Court in determining what sentence should be imposed.' " The Court said:

> "We do not consider this reversible error, in the instant case; but in other cases, according to circumstances or the language of the instructions, such language might well be suggestive and prejudicial; and it is good practice for a trial court not to refer to the possibilities of sentencing in his instructions."

In accordance with the foregoing, the judgment is affirmed.