940 F.2d 654
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary Gerard TOWNES, Defendant-Appellant.
 No. 90-5093.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1991.
Decided Aug. 2, 1991.
 
 1
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederick N. Smalkin, District Judge. (CR-89-485-S)
 
 
 2
 Beth Mina Farber, Assistant Federal Defender, Baltimore, Md., for appellant.
 
 
 3
 Michael Carl Heineman, Special Assistant United States Attorney, Baltimore, Md. (Argued), for appellee; Fred Warren Bennett, Federal Public Defender, Baltimore, Maryland, for Appellant. Breckinridge L. Willcox, United States Attorney, Baltimore, Md. on brief.
 
 
 4
 D.Md.
 
 
 5
 AFFIRMED.
 
 
 6
 Before ERVIN, Chief Judge, WILKINS, Circuit Judge, and HILTON, United States District judge for the Eastern District of Virginia, sitting by designation.
 
 OPINION
 HILTON, District Judge:
 
 7
 The defendant Gary Gerard Townes was tried in the United States District Court for the District of Maryland under a one-count indictment charging him as a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1) and (2). The jury found the defendant guilty of the one charge in the indictment. On appeal the defendant contends that (1) the district court erred in refusing to instruct the jury on the penalty faced by the defendant upon conviction of the crime charged; and (2) the district court erred in failing to suppress a statement made by the defendant after his arrest and in the absence of Miranda warnings. Finding no reversible error, we affirm.
 
 I.
 
 8
 On September 28, 1989, Officers John Fabula and Jeremiah Kelly of the Baltimore City Police Department were in a marked police cruiser patrolling a high crime district in West Baltimore known for illegal drug dealing and violence. Officer Avon Mackel followed the pair in another marked police cruiser. At approximately 12:30 a.m., Officer Fabula saw the defendant, Gary Gerard Townes, look toward Officer Mackel's police car, walk to a trashbag left for collection on the street, and place what appeared to be a handgun on the bag. Officer Fabula yelled, "Stop!" to the defendant. Officer Kelly detained the defendant. Officer Fabula ran to the trash bag and recovered a loaded .38 caliber Titan Tiger revolver, S/N 009839, from the top of the trashbag.
 
 
 9
 Officer Fabula asked the defendant if he had a permit for the gun. The defendant replied that he did not. Townes was handcuffed and transported to the police station. During the booking procedure, Officer Fabula asked Sergeant Robert Biemiller to do a stolen gun check on the revolver. The defendant then stated that he had obtained the gun on the street for protection. The defendant was not advised of his Miranda warnings at the time of his arrest or during the booking procedure. The police did not dust the gun for fingerprints.
 
 
 10
 On December 19, 1989, the Grand Jury for the District of Maryland returned a one-count indictment charging Townes as a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1) and (2). On January 5, 1990, Townes pleaded not guilty to the indictment. The United States thereafter filed a "Notice/Information of Enhanced Penalty." In this notice, the government revealed that prior to December 19, 1989, the defendant had been convicted of three separate felonies. The government asserted that if convicted of the offense charged in the indictment, Townes would be subject to the enhanced sentencing provision of 18 U.S.C. Sec. 924(e). This provision imposes a mandatory penalty of fifteen years imprisonment without parole upon conviction of the crime charged.
 
 
 11
 On March 5, 1990, an evidentiary hearing was held on the defendant's motion to suppress certain statements made on the street and the statement made at the police station during the booking procedure. The district court granted the defendant's motion to suppress in regard to the statements made on the street and denied the motion in regard to the statement made at the police station.
 
 
 12
 On March 12, 1990, a jury trial commenced. On the first day of trial, defense counsel elicited through cross-examination of Officer Fabula testimony intimating that the police did not investigate the handgun charge thoroughly because it was a lesser offense. When asked if he had attempted to photograph the gun on the trash bag, Officer Fabula stated that he did not call a police photographer because, "I didn't think he would respond out there. He would respond to burglaries." On the second day of trial, Officer Fabula testified on recross that a crime lab unit would not be called out to investigate a handgun charge because, "[I]t's a misdemeanor offense." Officer Fabula then acknowledged that it was no longer a misdemeanor offense.
 
 
 13
 Defense counsel thereafter filed a request for an additional jury instruction that would inform the jury of the mandatory fifteen year penalty that would be imposed if the defendant was found guilty of the offense. The district court denied this request. The jury found the defendant guilty of the one charge in the indictment. The defendant was sentenced on August 24, 1990 to fifteen years incarceration and five years of supervised release.
 
 II.
 
 14
 The defendant contends that the district court erred in refusing to instruct the jury as to the severity of the penalty if convicted of the crime charged. It is settled law that it is the exclusive function of the jury to determine the guilt or innocence of the accused and the sole province of the court to determine punishment. United States v. Goodface, 835 F.2d 1233, 1237 (8th Cir.1987); United States v. Davidson, 367 F.2d 60, 63 (6th Cir.1966). Informing a jury of the penalty for an offense is prejudicial and breach of this well-grounded principle may constitute reversible error. United States v. Meredith, 824 F.2d 1418, 1429 (4th Cir.1987); United States v. Greer, 620 F.2d 1383, 1384 (10th Cir.1980). Courts have therefore uniformly held that juries must reach a verdict without knowledge of possible sentences. Rogers v. United States, 422 U.S. 35, 40 (1975); Meredith, 824 F.2d at 1429. There is simply no authority to support the defendant's contention that the jury should have been instructed on the fifteen year sentence facing the defendant upon conviction of the crime charged. See Goodface, 835 F.2d at 1237 (holding the jury should not be instructed that the defendant faced a mandatory minimum for possession of a handgun as the "jury's duty is to determine the guilt or innocence of the accused solely on the basis of the evidence adduced at trial" without considering possible sentences).
 
 
 15
 The defendant argues the jury was given the false impression that the crime charged was not serious in nature and therefore a jury instruction on the sentence facing the defendant was necessary. Defense counsel questioned Officer Fabula about the failure on the part of the Baltimore Police Department to fingerprint the gun. Officer Fabula stated on cross-examination that the reason no fingerprints were taken was because the handgun violation for which the defendant was arrested was a misdemeanor. The government thereafter noted in closing argument and rebuttal that the reason the officers did not have more physical evidence was because the Baltimore City Police Department did not have the resources to carefully preserve and analyze evidence for crimes that are not serious in nature.
 
 
 16
 Defense counsel invited the testimony about the seriousness of the offense through cross-examination of Officer Fabula. It is settled law in this circuit that where defense counsel opens the door, it is entirely proper for the prosecutor to pursue such questioning in response. Meredith, 824 F.2d at 1429; United States v. Harrison, 716 F.2d 1050, 1051 (4th Cir.1983), cert. denied, 466 U.S. 972 (1984). The district court was correct in refusing to instruct the jury on the penalty that would be imposed on the defendant if convicted of the handgun charge.
 
 III.
 
 17
 The second issue raised by the defendant on appeal is that the district court erred in failing to suppress a statement made after the arrest and in the absence of Miranda warnings. The statement at issue is the defendant's comment during the booking procedure that he had obtained the gun on the street for protection.
 
 
 18
 In Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980), the Supreme Court defined interrogation as either "express questioning or its functional equivalent." The defendant was not asked about the gun at the police station and no questions were directed toward him concerning the gun. The defendant overheard Officer Fabula ask the sergeant on duty to run a computer check on the gun. The defendant thereafter volunteered the statement that he had bought the gun on the street. Because the defendant's statement about the gun was not the product of interrogation, the statement was properly allowed into evidence.
 
 
 19
 For the foregoing reasons, the conviction of the defendant below
 
 
 20
 is
 
 
 21
 AFFIRMED.
 
 
 22
 ERVIN, Chief Judge, and WILKINS, Circuit Judge, joined.