**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4073**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOHN MICHAEL ROBINSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:13-cr-00194-TDS-1)

Submitted:  August 28, 2014      Decided:  September 2, 2014

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted John Michael Robinson of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). He received the statutory mandatory minimum sentence of fifteen years' imprisonment. On appeal, Robinson argues the interstate commerce element of § 922(g), as applied to him, is unconstitutional, under the Commerce Clause of the United States Constitution, and that the district court improperly excluded from the jury evidence of the mandatory minimum sentence. We affirm.

We review Robinson's preserved challenge to the constitutionality of the statute de novo. United States v. McFadden, 753 F.3d 432, 439 (4th Cir. 2014). Robinson concedes that the precedent of this Circuit forecloses his current argument that evidence that the firearm traveled across state lines was insufficient to prove an effect on interstate commerce. See United States v. Gallimore, 247 F.3d 134, 137–38 (4th Cir. 2001) (rejecting argument made in reliance on Jones v. United States, 529 U.S. 848 (2000), and United States v. Morrison, 529 U.S. 598 (2000), that transport across state lines was insufficient to establish possession "in or affecting" interstate commerce); United States v. Wells, 98 F.3d 808, 810–11 (4th Cir. 1996) (rejecting similar argument made in reliance on United States v. Lopez, 514 U.S. 549 (1995)). One panel of

2

this court may not overrule the precedent set by a prior panel. United States v. Rivers, 595 F.3d 558, 564 n.3 (4th Cir. 2010).

Next, Robinson contends that the district court erred in prohibiting him from testifying as to the mandatory minimum sentence he faced if convicted of the crime charged. We review rulings concerning the admission of evidence for abuse of discretion. See United States v. White, 405 F.3d 208, 212 (4th Cir. 2005). It is settled law that it is the exclusive function of the jury to determine the guilt or innocence of the accused and the sole province of the court to determine punishment. United States v. Goodface, 835 F.2d 1233, 1237 (8th Cir. 1987); United States v. Davidson, 367 F.2d 60, 63 (6th Cir. 1966). Informing a jury of the penalty for an offense is prejudicial, and breach of this well-grounded principle may constitute reversible error. United States v. Meredith, 824 F.2d 1418, 1429 (4th Cir. 1987); United States v. Greer, 620 F.2d 1383, 1384 (10th Cir. 1980). Courts have therefore uniformly held that juries must reach a verdict without knowledge of possible sentences. Rogers v. United States, 422 U.S. 35, 40 (1975); Meredith, 824 F.2d at 1429. There is simply no authority to support Robinson's contention that the jury should have been informed of the fifteen-year sentence facing him upon conviction of the crime charged. See Goodface, 835 F.2d at 1237 (holding the jury should not be instructed that the defendant faced a

3

mandatory minimum for possession of a handgun as the "jury's duty is to determine the guilt or innocence of the accused solely on the basis of the evidence adduced at trial" without considering possible sentences).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED

4